Merrimack, June 4, 1907.

### DUSTIN *v.* CURTIS.

Where the relation between the parties is purely contractual, the liability of one to the other in an action of tort for negligence must be based upon some positive duty which the law imposes because of the relationship, or upon the negligent performance of some act provided for by the contract.

A tenant cannot maintain an action of tort against a landlord for personal injuries resulting from a mere omission of the latter to make repairs according to his agreement.

CASE, for personal injuries. Trial at the October term, 1900, of the supreme court before *Blodgett*, C. J., and a jury. A nonsuit was ordered at the close of the plaintiff's evidence, and he excepted.

The defendant owned a building occupied by several tenants, and containing a hall which was rented by a lodge of Odd Fellows of which the plaintiff was a member. Whether the lodge was

an association or a corporation did not appear. March 11, 1898, while the plaintiff was attending a meeting of the Rebekah branch of the lodge, he was injured by a fall of plastering from the ceiling. He had no knowledge of the defect in the plastering.

The hall was first let to the lodge on March 16, 1886, for a term of five years, at an annual rental of $84, the defendant agreeing to make repairs. In December, 1891, and January, 1892, there were negotiations which resulted in the lodge continuing as tenant of the hall at an annual rental of $100. If the terms of the original letting were reduced to writing, the lease could not be found. There was no definite evidence of a written lease. The plaintiff was present in 1892, when it was arranged that the lodge should continue as tenant. At the trial he was asked, "What change, if any, was made in the original rental," and he replied, "The price was raised to $100 a year."

Subject to the defendant's exception, Mrs. Dustin, a witness for the plaintiff, testified that in April, 1899, the defendant's husband, who was her agent in letting and managing the hall, told her he was to make the repairs. A short time before the accident, the defendant was informed that a portion of the plastering had fallen, and her husband sent a person to see what repairs were needed, but there was no evidence that any repairs were ever made. There was evidence that the plastering, at the point where it became detached and fell, had been wet from leakage during that winter and before, but it was not shown where the water came from.

*Martin & Howe*, for the plaintiff.

*Streeter & Hollis*, for the defendant.

BINGHAM, J. It is clear upon the evidence that the premises upon which the plaintiff was when he received his injury were in the possession and control of a tenant. It is equally clear that the plaintiff was not present at the time as a guest of the defendant, or upon her invitation. The plaintiff claims that he was there as the tenant, or as a guest of the tenant. It is doubtful whether the evidence is sufficiently definite to warrant either conclusion; but if we assume that the plaintiff was present as a tenant, that one of the terms of the tenancy was that the defendant should make all necessary repairs, and that the plaintiff's injury was due to the defendant's omission to repair, it does not follow that this action of tort for negligence can be maintained against the defendant because of her omission in this respect, unless her failure constituted the breach of a duty imposed by law, as well as the breach of an obligation created by the agreement of the par-

ties. "Actionable negligence is the neglect of a legal duty. . . . To bring the case within the category of actionable negligence, some wrongful act must be shown, or a breach of some positive duty. . . . The duty to do no wrong is a legal duty. The duty to protect against wrong is, generally speaking and excepting certain intimate relations in the nature of a trust, a moral obligation only, not recognized or enforced by law." *Buch* v. *Company*, 69 N. H. 257, 260, 261; *Pittsfield etc. Co.* v. *Shoe Co.*, 71 N. H. 522, 531.

In *Courtenay* v. *Earle*, 10 C. B. 73, *Jervis*, C. J., in speaking of the case of *Boorman* v. *Brown*, 3 Q. B. 511, said; "That case will be found to proceed upon the principle that where there is an employment, which employment itself creates a duty, an action on the case will lie for a breach of that duty, although it may consist in doing something contrary to an agreement made in the course of such employment, by the party upon whom the duty is cast. . . . Before that case, it had been supposed, upon the authority of *Corbett* v. *Packington* [6 B. & C. 268], that the violation of a bare promise, without any such general duty, might be the subject of an action of tort. That clearly is not so. Without altogether destroying the well known distinction between actions of contract and actions of tort, I think we cannot hold the counts in this declaration to be well joined." In *Legge* v. *Tucker*, 1 H. & N. 500, *Pollock*, C. B., in stating the distinction between actions of contract and actions of tort, said: "Where the foundation of the action is a contract, in whatever way the declaration is framed, it is an action of assumpsit; but where there is a duty *ultra* the contract, the plaintiff may declare in case." And in *Tattan* v. *Railway*, 2 E. & E. 844, *Cockburn*, C. J., in considering the subject, said: "Whatever may be the distinction between an obligation arising out of a contract and a duty imposed by the common law on persons entering into a contract, it is impossible to refer to the cases to which our attention has been called, without seeing that they establish that a duty was imposed upon the defendants [common carriers] . . . by the custom of the realm, so soon as they entered into the contract with the plaintiff, and independently of the terms of the contract itself. The plaintiff might, had he thought fit, have brought his action on the contract; but he was also entitled to sue the defendants for the breach of their common-law duty. Having chosen the latter course, he cannot, according to the authorities, be said to have brought an action of contract. . . . The action is an action on the case, not in form only, but in substance." See, upon the same subject, *Tuttle* v. *Company*, 145 Mass. 169; *Rich* v. *Railroad*, 87 N. Y. 382; 1 Ch. Pl. (16th Am. ed.) 196.

In accordance with the foregoing authorities, it may be stated as a principle of law that where the only relation between the parties is contractual, the liability of one to the other in an action of tort for negligence must be based upon some positive duty which the law imposes because of the relationship, or because of the negligent manner in which some act which the contract provides for is done; and that the mere violation of a contract, where there is no general duty, is not the basis of such an action. This being so, and the relation between the parties to this suit being that of landlord and tenant, and it having been decided in *Towne* v. *Thompson*, 68 N. H. 317, that no duty is imposed by law upon a landlord to make repairs upon leased premises for the benefit of his tenant or a member of the tenant's family, it follows that the present action cannot be maintained because of the mere failure of the defendant to keep her agreement to repair. In fact, it is generally held that a tenant, a member of his family, or his guest, cannot sue a landlord in tort for personal injuries due to his omission to repair premises which have passed into the possession and control of the tenant, even if the landlord has agreed to make repairs. *Shackford* v. *Coffin*, 95 Me. 69; *Tuttle* v. *Company*, 145 Mass. 169; *Davis* v. *Smith*, 26 R. I. 129; *Schick* v. *Fleischauer*, 26 N. Y. App. Div. 210, 211; *Frank* v. *Mandel*, 76 N. Y. App. Div. 413; *Stelz* v. *Van Dusen*, 93 N. Y. App. Div. 358, 359; *Kushes* v. *Ginsberg*, 99 N. Y. App. Div. 417; *Sherlock* v. *Rushmore*, 99 N. Y. App. Div. 598; *Boden* v. *Scholtz*, 101 N. Y. App. Div. 1; *Feary* v. *Hamilton*, 140 Ind. 45; 1 McAd. L. & T. 438; Jones L. & T., s. 592; 18 Am. & Eng. Enc. Law (2d ed.) 231, 234; 24 Cyc. 1115.

The other contentions of the plaintiff may be disposed of without extended consideration. There was no evidence that would authorize a finding that the defendant repaired the defective ceiling and did the work in a negligent manner (*Edwards* v. *Lamb*, 69 N. H. 599; *Pittsfield etc. Co.* v. *Shoe Co.*, 71 N. H. 52?, 533; *Gill* v. *Middleton*, 105 Mass. 477, 479; *Baird* v. *Daley*, 57 N. Y. 236; *Boden* v. *Scholtz*, 101 N. Y. App. Div. 1), nor that the water which caused the ceiling to loosen and fall was due to a roof over which the defendant retained full control and which became leaky because of her failure to repair, even if it could be said that her control of the roof would impose upon her the duty to repair. *Compe* v. *Platt*, 172 Mass. 458; *Cheeseborough* v. *Green*, 10 Conn. 318; *Doupe* v. *Genin*, 45 N. Y. 119; *Purcell* v. *English*, 86 Ind. 34; *Cole* v. *McKey*, 66 Wis. 500; Jones L. & T., s. 612; 18 Am. & Eng. Enc. Law (2d ed.) 218. The nonsuit was properly ordered.

*Exception overruled.*

WALKER, J., did not sit: the others concurred.