Hillsborough, }
Oct. 3, 1916. }

MELVINA PETROSKI, *by her next friend*, WILLIAM PETROSKI *v.*
ALBERT MULVANITY *& a.*

An action of tort for negligent non-feasance cannot be maintained if there is no
duty to act imposed by law; nor for the mere non-feasance of a duty imposed
by contract.

No duty being imposed by law upon a landlord to make repairs upon the demised
premises, a tenant cannot maintain an action of tort against him for injuries
caused by his negligently failing to make repairs, by proof of the breach of an
agreement to repair.

CASE, for negligently causing personal injuries to the plaintiff in
interest. Trial by jury and verdict for the defendants. The
defendants are the owners of a tenement house, having one tene-
ment on the ground floor and one on the second floor, each having a
separate entrance. Each tenement had also a finished room in the
attic, but it was not shown whether they were reached by a common
stairway or by separate passages. William Petroski was a tenant
in the upstairs tenement. The injuries complained of were caused
by the falling of the plaster over the bed where Melvina, a child
of William, seven days old, lay with her mother. The plaintiff's
evidence tended to show that the plaster was loosened by rain
coming through a leaky roof. The exceptions of the plaintiff
which were to the charge of the court, appear in the opinion. Trans-
ferred from the September term, 1915, of the superior court, by
*Sawyer*, J.

*John R. Spring* and *Henri A. Burque*, for the plaintiff.

*Frank B. Clancy* and *Doyle & Lucier*, for the defendants.
There is no implied warranty on the part of the landlord that
he will repair, or that the premises are reasonably safe. The ten-
ant takes the premises as he finds them, and in the absence of a
warranty, or of deceit or fraud on the part of the landlord, the
tenant takes the risk of the quality of the premises. *Towne* v.
*Thompson*, 68 N. H. 317; *Cate* v. *Blodgett*, 70 N. H. 316; *Clark* v.
*Sharpe*, 76 N. H. 446.

The cases holding landlords of apartment houses and office
buildings liable for the condition of passageways retained under

their control and used in common by their tenants, rest upon the theory that the tenants use such passageways by invitation of the landlord, and such cases have no application to unused roofs: *Jones* v. *Millsaps*, 71 Miss. 10,—23 L. R. A., 155; *Miles* v. *Tracy*, 4. L. R. A. (N. s.) (Ky.) 1142; *Krueger* v. *Ferrant*, 29 Minn. 385; 18 Am. & Eng. Ency. (2nd ed.) 220, 221; Jones Land. & Ten., s. 614.

PLUMMER, J.   The plaintiff claimed that the landlord retained control of the roof and of the unfinished space under the roof, but there was no evidence of any express reservation thereof in letting. The plaintiff excepted because the court did not send to the jury the question of the control of the roof, and instruct them that, if they found the roof was under the control of the defendants, the plaintiff could recover.   It not appearing that the roof was under the control of the defendants, the court was justified in refusing to submit that question to the jury or give instructions in relation thereto.   In his charge to the jury the court said: "It is suggested to me that one of the last witnesses on behalf of the plaintiff testified that the defendant, Dr. Mulvanity, stated that he would 'fix the premises all right.'   If such is the testimony, no liability would occur in this action by reason of the failure to fix it all right, because that is a pure matter of contract, and this action is based upon the negligent performance of a legal duty imposed by law, rather than one that attaches by reason of any contract.   Even if a landlord does agree to repair the premises, and fails to do so, in an action for negligently undertaking the duty, no liability attaches by reason of the agreement."   To this statement the plaintiff excepted.   No error was committed by the court in giving this instruction.   *Dustin* v. *Curtis*, 74 N. H. 266.

*Exceptions overruled.*

All concurred.