Rockingham,
Jan. 2, 1934.

BRIDGET MANOCK & a. v. AMOS D. BRIDGE'S SONS, INC.

*Cooper & Hall* (*Mr. Cooper* orally), for the plaintiffs.

*Hughes & Burns* (*Mr. Burns* orally), for the defendant.

ALLEN, J.  The declaration states a cause of action.  It alleges false statements negligently made by the defendant which through the inducement of reliance thereon resulted in loss.  "It is the duty of one who volunteers information to another not having equal knowledge, with the intention that he will act upon it, to exercise reasonable care to verify the truth of his statements before making them . . . a person who acts upon a false representation made for the purpose of inducing him to change his position may recover the damages he sustains in an action of negligence when the maker of the statement ought to have known it to be false."  *Maxwell Ice Co.* v. *Company*, 80 N. H. 236, 238, 239.  It is not essential that the plaintiff take an altered course of action in his reliance upon the statement.  It is sufficient if the action or position he is induced to take is brought about by the statement.  *Edwards* v. *Lamb*, 69 N. H. 599.

No duty of the defendant to pay workman's compensation is claimed, but the declaration alleges fault for the failure of insurance covering the fatality.  Deceit is not averred, and a negligent rather than fraudulent character of the misstatements is relied upon.  The defendant had the duty to exercise care that correct information be given.

The declaration is obscure and ambiguous in its claim of the range of the misstatements.  Russell was killed while in charge of a truck as a service for his father incidental to, but not a part of, his service for the defendant for which his father had contracted.  For this incidental service his father was an independent contractor.  At the time of the accident the defendant was not, but he was, Russell's employer.

Read in one way the declaration charges the defendant with saying that the insurance it carried would cover any accident to Russell at compensation rates.  This would apply to any accident happening

while Russell was doing any of the work under the contract between his father and the defendant, whether directly as the latter's servant or incidentally as only his father's servant. By another allegation the defendant is charged with making the limited representation that its insurance would give compensation if the father were under liability to pay it.

If this latter allegation is the extent of the plaintiff's claim of falsehood, it becomes material to determine the father's liability to pay compensation. Under this allegation the claim of loss is that reliance on the misstatements induced the father not to take out insurance to meet his liability to pay compensation for Russell's incidental service. So far as the plaintiffs depend upon that liability as all that was unprotected by insurance, the sufficiency of the declaration is in issue.

The statute (P. L., c. 178, s. 1) includes as employments affected by it work in any place where five or more persons are engaged in physical labor on or near machinery driven by mechanical power. Russell's father employed in all but two workmen. The plaintiffs say, however, that Russell worked with at least four others at a place within the application of the statute and that their service under one employer is not demanded. This position is untenable. There must be common employment. The cited section of the statute in its introduction specifies "danger of injury caused by fellow servants." This danger "is a part of the requirement for its application; and the employment of five or more servants is made the statutory test of the existence of the danger." *Tully* v. *Carter, ante,* 301. Russell, when not a servant of the defendant, was a fellow-servant only of others in his father's employ. *Martel* v. *Wallace,* 83 N. H. 276, 278.

The plaintiffs may therefore recover only if the negligent misstatements caused a loss at compensation rates of insurance for accident not compensable under the statute.

It may appear that there was a loss of such insurance although the defendant made no misstatements beyond saying that its insurance gave compensation in protection of the father's liability. If it is claimed that had he not been misled the father upon learning that neither he nor the defendant was an employer under the local compensation statute would have obtained accident insurance for Russell and his dependents at compensation rates in addition to the coverage of insurance the defendant carried, the merit of the claim will depend upon the evidence at the trial. By itself the charge by the defendant to the father for the expense of its insurance was no representation that more than its own liability to pay compensation was insured.

What further facts there are and what misstatements were made to show representations claimed to lead to a loss of insurance for Russell's death, are not now presented for consideration of their probative effect. The element of causation in respect thereto as well as the duty of the defendant to anticipate such an outcome of its misstatements may not now be passed upon.

The administrator of Russell's estate is a plaintiff. If he had a cause of action, there would be no bar by delay in bringing it. The statute relied upon by the defendant (P. L., c. 302, s. 11) applies only to actions for personal injuries (*Id.*, s. 9; *Desmarais* v. *Company*, 79 N. H. 195), and this is not such an action. But the estate has suffered no damage. If there had been insurance for Russell's death, the claim is that it would have been payable to his parents. Hence there was no negligence towards him in his uninsured death. The demurrer should be sustained as to the administrator.

Any misstatements were made to the father and not to the mother. But her loss is as great as his, and she is properly a party as well as he. If the statements prevented insurance, those who would have been its beneficiaries sustained the loss resulting from them, and there was a relation in which the defendant owed the duty of care to the mother as much as to the father. Its negligence affected his action, the natural effect of which on others brought it into legal relationship with them so as to make it directly liable to them for their loss which the negligence caused.

*Case discharged.*

All concurred.