Strafford
No. 7521

MICHAEL DUFFY

v.

ROBERT LINDGREN

June 20, 1977

522

*Fisher, Parsons, Moran & Temple*, of Dover, *Ronald B. Willoughby* and *Edward T. Clancy*, of Dover (*Mr. Willoughby* orally), for the plaintiff.

*Cullity & Kelley*, of Manchester, and *John Czeciuck*, of Manchester, and *T. Casey Moher*, of Dover (*Mr. Czeciuck* orally), for the defendant.

GRIMES, J. The issue in this case is whether the trial court erred in granting defendant's motion to dismiss plaintiff's writ because it did not state a cause of action. Plaintiff's exception was transferred by *Mullavey, J.*

The declaration of plaintiff's writ states that plaintiff was employed by the defendant on or about April 29, 1974, to remove certain limbs from a tree on defendant's property, "that prior to said date the Defendant, knowingly, unlawfully and negligently represented to the Plaintiff that he had adequate insurance coverage on said property and that plaintiff would be adequately compensated in case he received any injuries while performing said work; that the Plaintiff relied on the said representation"; and that while so employed he fell from the tree and was injured and "that unmindful of the above-mentioned duties the defendant had failed to secure adequate insurance coverage in relation to this incident. . . ." Defendant's motion to dismiss alleged that the writ did not state a cause of action and that all the owners of the property were not included in the writ.

The second reason for dismissal is without merit. The action is against the defendant Robert Lindgren based on his individual conduct and the other owners of the premises are not necessary parties. We also reject the defendant's first argument that defendant owed no duty to the plaintiff. While the parties were negotiating whether plaintiff would undertake the job of removing the

limbs from the tree, they were in such a relationship that defendant had the duty not to knowingly or negligently make a false representation to induce plaintiff to enter into the agreement. It is not necessary as defendant contends that plaintiff allege that the claimed misrepresentation caused the physical injury. The alleged representation was not that the plaintiff would not be injured but rather that if plaintiff were injured he would not have to bear all the economic loss because defendant had insurance coverage to protect him. If as alleged the plaintiff entered into the work in reliance upon the representation his economic loss would result from the misrepresentation.

Although some of the authorities relied upon by the plaintiff such as *Dustin v. Curtis,* 74 N.H. 266, 67 A. 220 (1907); *Benoit v. Perkins,* 79 N.H. 11, 104 A. 254 (1918); *Smith v. Pope,* 103 N.H. 555, 176 A.2d 321 (1961), involve misrepresentation as to a condition which causes the personal injury, the same basic principles are applicable to the plaintiff's claim in this case. Claims for misrepresentation are not confined to personal injury, *Weston v. Brown,* 82 N.H. 157, 131 A. 141 (1925), but may relate to economic loss caused by the misrepresentation. *Manock v. Company,* 86 N.H. 411, 169 A. 88 (1934). In the latter case the court held that a declaration stated a cause of action where it alleged that in negotiations to hire a truck and driver (who was to be plaintiff's son) defendant misrepresented that it had insurance to cover the death of, or injury to, the son.

In the case before us a relationship arose between the parties created by the dealings with respect to employment. These dealings gave rise to a duty on the part of defendant not to mislead plaintiff by a knowing or negligent misrepresentation that defendant had insurance to cover plaintiff's economic loss if he should be injured. *Manock v. Company,* 86 N.H. 411, 169 A. 88 (1934); Seavey and Johnson, *Fraud and Misrepresentation in New Hampshire,* 1 N.H.B.J. (No. 1) 16 (1958).

We of course pass no judgment on the merit of the plaintiff's claim, but taking the allegations of the writ as being true, the writ states a cause of action. *Aldrich v. Beauregard & Sons,* 105 N.H. 330, 200 A.2d 14 (1964); *Green v. Shaw,* 114 N.H. 289, 319 A.2d 284 (1974).

*Exception sustained; remanded.*

All concurred.