Hillsborough
No. 82-239

JOHN K. CROWLEY & a.

v.

GLOBAL REALTY, INC.

April 19, 1984

*Steven E. Feld*, of Portsmouth, by brief and orally, for the plaintiffs.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester, and *The Law Offices of Emile R. Bussiere P.A.*, of Manchester (*Theodore Wadleigh* and *Kenneth R. McHugh* on the brief, and *Mr. McHugh* orally), for the defendant.

BROCK, J.   In this interlocutory transfer (SUP. CT. R. 9) from the Superior Court (*Bean*, J.), we are asked to consider what damages may be recovered in actions arising out of real estate listing and sales agreements and the nature and extent of a real estate broker's duty to his clients.

The plaintiffs, John K. Crowley and Pauline M. Crowley, own a home in Manchester. The defendant, Global Realty, Inc., is a real estate brokerage corporation. In November 1979, two agents of the defendant, while canvassing the plaintiffs' neighborhood to solicit potential clients, called upon the plaintiffs. Subsequently, over the course of three months, the plaintiffs entered into two contracts with the defendant: one for the sale of their home, and the other for the purchase of another house also in Manchester.

Both plaintiffs are deaf and as a result have difficulty in understanding and communicating through the spoken language. Some, but not all, of the dealings between the plaintiffs and the defendant took place in the presence of Mrs. Crowley's sister, who acted as an interpreter. During the course of the three-month period, differences between the parties arose, and subsequently the plaintiffs refused to sell their home and also refused to purchase the other property.

In May 1980, the defendant brought suit against the plaintiffs in the superior court alleging breach of contract, claiming the right to a commission for having found a ready, willing and able buyer for the Crowleys' home. This suit is currently pending.

In October 1980, the plaintiffs initiated a separate action against the defendant, alleging both negligent and intentional misrepresentation, as well as breach of contract. The plaintiffs sought damages for emotional distress as well as exemplary damages. In October 1981, the defendant moved for summary judgment, alleging that damages for mental and emotional distress as well as exemplary damages were not recoverable as a matter of law. The plaintiffs subsequently sought to amend their writ to allege a breach of a real estate broker's or a Realtor's (R) fiduciary duty and to allege additional damages; *i.e.*, the break-up of their marriage and Mrs. Crowley's attempted suicide as a result of the defendant's acts.

The superior court denied the defendant's motion for summary judgment. The court ultimately denied the plaintiffs' motion to amend, but ruled that the additional damages sought by the plaintiffs could be argued under the original writ. In May 1982, the court certified the following question (question No. 1) for interlocutory transfer:

> "As a matter of law, can the plaintiffs recover mental and emotional distress damages including damages for the break up of their marriage and attempted suicide as well as exemplary damages or are they limited to the recovery of their $1,000.00 deposit plus reasonable costs having in mind the relationship of the parties as set forth herein."

The following additional question (question No. 2) was transferred in June 1982:

> "Whether a real estate broker or a Realtor (R) owes a fiduciary duty to their clients under the law of New Hampshire or the Realtors' (R) code of ethics."

I. *Transferred question No. 1*

■■ We have previously stated that recovery of damages for mental suffering and emotional distress is not generally permitted in actions arising out of breach of contract. *Jarvis v. Prudential Ins. Co.*, 122 N.H. 648, 654, 448 A.2d 407, 410 (1982); *Lawton v. Great Southwest Fire Ins. Co.*, 118 N.H. 607, 615, 392 A.2d 576, 581 (1978). The contract count presently before us falls within the rule of *Lawton* and *Jarvis*, and thus the plaintiffs' claim for such damages must fail.

In tort, the plaintiffs allege both intentional and negligent misrepresentation of fact as a basis for their action. The Crowleys argue that the defendant's representation that it already had a purchaser for their home prior to their signing the agreement to purchase and their making a down payment on another house was false. As a

result, the plaintiffs allege they feared that they would lose their home. The plaintiffs claim that the defendant, while aware of the Crowleys' handicap, misrepresented other material facts concerning the construction of their new house and also had Mr. Crowley sign his wife's name to the listing agreement.

■ Historically, the tort of intentional misrepresentation was intended to protect against "invasion of interests of a financial or commercial character, in the course of business dealings." W. PROSSER, HANDBOOK OF THE LAW OF TORTS § 105, at 684. Other causes of action have been sufficient to deal with non-pecuniary damage. *Id.*; *see also* 1 F. HARPER & F. JAMES, THE LAW OF TORTS § 7.1, at 527–28 (1956).

■■ The general rule is therefore that the measure of damages recoverable for misrepresentation, whether intentional or negligent, is actual *pecuniary* loss. *See Wilson v. Came*, 116 N.H. 628, 630, 366 A.2d 474, 475 (1976); *Brown-Wales Co. v. Barber*, 88 N.H. 103, 107, 184 A. 855, 858 (1936); *see also* RESTATEMENT (SECOND) OF TORTS §§ 549, 552B (1977); *see generally* W. PROSSER, *supra* § 110, at 733–36 (4th ed. 1971). Consequential damages, such as *physical* injury, are also recoverable. *See Duffy v. Lindgren*, 117 N.H. 521, 523, 374 A.2d 1175, 1176 (1977); *see also* W. PROSSER, *supra* § 110, at 735. We conclude that the plaintiffs cannot recover damages for mental and emotional distress in a claim for negligent misrepresentation.

■ The plaintiffs seek exemplary damages here, however. In New Hampshire, "[n]o damages are to be awarded as a punishment to the defendant or as a warning and example to deter him and others from committing like offenses in the future. In other words, no damages other than compensatory are to be awarded." *Vratsenes v. N.H. Auto, Inc.*, 112 N.H. 71, 73, 289 A.2d 66, 68 (1972); *accord Munson v. Raudonis*, 118 N.H. 474, 479, 387 A.2d 1174, 1177 (1978). Although phrased as "exemplary" damages, we construe the plaintiffs' complaint and the transferred question as raising the issue of the availability of liberal compensatory damages in these circumstances. "[W]hen the act involved is wanton, malicious, or oppressive, the compensatory damages awarded may reflect the aggravating circumstances." *Vratsenes v. N.H. Auto, Inc.*, 112 N.H. at 73, 289 A.2d at 68.

■ "Liberal compensatory damages are to be awarded only in exceptional cases, and not in every case involving an intentional tort." *Munson v. Raudonis*, 118 N.H. at 479, 387 A.2d at 1177. In *Munson*, we held that in an action for deceit, "liberal compensatory damages will not be allowed without the allegation and proof of

wanton, malicious, or oppressive conduct." *Munson v. Raudonis*, 118 N.H. at 479, 387 A.2d at 1177. The plaintiffs here alleged that the defendant "intentionally, maliciously, fraudulently, and unconscionably misrepresented the fact that . . . ." We cannot hold as a matter of law that the plaintiffs have failed to plead that the defendant's conduct was wanton, malicious, or oppressive, and thus are barred from recovering liberal compensatory damages. Whether the plaintiffs will ultimately recover these damages, therefore, will depend upon their proof.

■ The plaintiffs may introduce evidence of emotional distress and its consequences in their lives on the issue of enhanced damages. Testimony concerning the breakup of their marriage and the attempted suicide may, however, only be admitted as evidence of emotional distress. "[W]here the acts complained of were wanton, malicious, or oppressive, the compensatory damages for the resulting actual material loss can be increased to compensate for the vexation and distress caused the plaintiff by the character of defendant's conduct." *Vratsenes v. N.H. Auto, Inc.*, 112 N.H. at 72, 289 A.2d at 67.

We do not construe the sometimes confusing pleadings in this case as alleging the torts of intentional or negligent infliction of emotional distress, but rather as alleging emotional injury strictly as an incident to another tort; *i.e.*, intentional or negligent misrepresentation of fact. We note, however, that the plaintiffs, in their brief, have argued that the defendant's conduct constituted an independent tort of either intentional or negligent infliction of emotional distress. Because the plaintiffs have not pleaded the torts of intentional or negligent infliction of emotional distress and because, therefore, the questions before us were not transferred under those theories, we decline to address the plaintiffs' arguments with respect to those torts.

■ The answer to question No. 1 is that the plaintiffs may be able to recover enhanced damages, depending upon proof at trial, and therefore are not limited to the recovery of their $1,000 deposit plus reasonable costs.

## II. *Transferred question No. 2*

The defendant properly concedes: "A broker does, under most circumstances, occupy a position of trust and confidence. He owes an obligation of undivided loyalty and service to his client, the same as a lawyer would to his client or a trustee to a beneficiary. A real estate agent is required to exercise the utmost good faith in all deal-

820

ings with his client." Therefore, we need not consider this question further.

*Remanded.*

SOUTER, J., did not sit; the others concurred.