Buchanan v. Westinghouse Electric    CV-90-370-B   08/17/93
            UNITED STATES DISTRICT COURT FOR THE

                    DISTRICT OF NEW HAMPSHIRE


June Buchanan, Administratrix of the
Estate of David Buchanan

        v.                                Civil No.  90-370-B

Westinghouse Electric Corp., et al.


                        **O R D E R**


        David Buchanan died when a boiler exploded at the power

plant where he worked.  The administratrix of his estate has sued

Zurn Industries, Inc. ("Zurn") and several other defendants

seeking compensatory damages for negligence, breach of warranty,

products liability, breach of contract, and failure to warn.

Plaintiff is also seeking enhanced damages against Zurn.  Zurn

has moved to dismiss plaintiff's claim for enhanced damages

because it contends that such damages are only recoverable for

intentional torts.[1]

_____

        [1]Zurn has moved in the alternative for dismissal or summary
judgment.  Plaintiff alleged at the final pretrial conference
that she has yet to depose several witnesses who she contends may
have additional information that may affect her enhanced damages
claim.  She does not argue, however, that the testimony of these
witnesses would cause her to attempt to amend her pleadings.
Giving the plaintiff the benefit of the doubt as to what the
testimony of the yet-to-be deposed witnesses might establish, I
judge Zurn's motion by the standard applicable to a motion for

To recover enhanced damages, a plaintiff must plead and prove that the defendant's tortious actions were "wanton, malicious, or oppressive . . . ." Vratsenes v. N.H. Auto, Inc., 112 N.H. 71, 72 (1972); see also Crowley v. Global Realty, Inc., 124 N.H. 814, 818 (1984). In DCPB, Inc. v. City of Lebanon, 957 F.2d 913, 915 (1st Cir. 1992), the First Circuit Court of Appeals recently rejected a claim that a plaintiff is entitled to recover enhanced damages for breach of contract by stating: "To date, the New Hampshire cases have limited enhanced damages to particular causes of action sounding in tort -- and even then, the remedy has been reserved for intentional torts committed under exceptionally unsavory circumstances." Id. at 915. Although the portion of this statement referring to intentional torts is dicta, I nevertheless accord substantial deference to the considered dicta of the Court of Appeals. See McCoy v. Massachusetts Inst. of Technology, 950 F.2d 13, 19 (1st Cir. 1991) (Supreme Court dicta is to be accorded substantial deference because it will not be assumed that the Court "proclaims the law lightly"), cert. denied, 112 S. Ct. 1939 (1992); accord Manchester Mfg. Acquisitions, Inc. v. Sears

_____

judgment on the pleadings. See Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991); Levesque v. Miles Inc., 816 F. Supp. 61, 71 (D.N.H. 1993).

2

<u>Roebuck & Co.</u>, 802 F. Supp. 595, 606 (D.N.H. 1992) (applying <u>DCPD</u> to disallow claim for enhanced damages for a negligence tort).

Even if I felt free to disregard the dicta in <u>DCPB</u>, I would not reach a different conclusion. The only New Hampshire Supreme Court decision suggesting that enhanced damages may be recoverable for negligence torts is more than 80 years old. <u>See</u> <u>McBride v. Huckins</u>, 76 N.H. 206, 215 (1911). Moreover, the New Hampshire Supreme court more recently declined to recognize a claim for enhanced damages in another case in which a plaintiff claimed a right to recover such damages in a negligence case. <u>Johnsen v. Fernald</u>, 120 N.H. 440, 441-42 (1980).

Plaintiff attempts to distinguish <u>Johnsen</u> by arguing that the Court's action -- dismissing the claim because plaintiff could not prove her allegation of malice -- did not address the issue of wanton conduct. I disagree.

In <u>Johnsen</u>, a victim of an automobile accident sought to recover enhanced damages against an allegedly negligent driver. At the outset, the Court, quoting <u>Vratsenes</u>, stated the general rule that "no damages other than compensatory are to be awarded" unless the act involved "is wanton, malicious, or oppressive . . . ." <u>Id</u>. at 441. The <u>Johnsen</u> plaintiff failed to allege such conduct in her writ. <u>Id</u>. However, on appeal, she argued

3

that the act of driving under the influence alone constitutes an allegation of "wanton or malicious conduct." Id. The Court disagreed: "In the context of measuring damages . . ., we do not equate the act of driving while under the influence with the term 'malice.'" Id. Although the Johnsen Court focused on the malice component of the Vratsenes formulation, by affirming the lower court's ruling it implicitly found that plaintiff also failed to allege and prove oppressive and wanton conduct. This reading of Johnsen was adopted by the Court in Gelinas v. Mackey, 123 N.H. 690, 693 (1983). Accordingly, I cannot accept plaintiff's argument.

I derive additional support for my position from a more recent New Hampshire Supreme Court case, Panas v. Harakis, 129 N.H. 591 (1987). An issue in Panas was the measure of damages following a jury verdict finding the defendants liable for a variety of negligent and intentional torts. In remanding the case for a new trial solely on damages, the Court stated that the plaintiffs were entitled to present their claims for enhanced damages on the intentional tort counts. 129 N.H. at 608. The fact that the Court chose not to specify that enhanced damages could also be sought on the negligence counts strongly suggests

4

that the Court is unwilling to extend the right to claim enhanced damages to negligence claims.

In summary, the New Hampshire Supreme Court has shown no inclination to extend a plaintiff's right to claim enhanced damages to negligence torts. The Court of Appeals has repeatedly instructed the District Courts not to "open new state- law frontiers" to aid diversity plaintiffs who have chosen the federal forum. <u>DCPB</u>, 957 F.2d at 916; <u>Carleton v. Worcester Ins. Co.</u>, 923 F.2d 1, 3 (1st Cir. 1991). Thus, I follow the dicta in <u>DCPB</u>, and conclude that plaintiff is not entitled to recover enhanced damages as a result of Zurn's allegedly negligent conduct.

## **CONCLUSION**

Zurn's Motion to Dismiss (document no. 36) is granted. Judgment is granted to Zurn on the pleadings with respect to plaintiff's claim for enhanced damages. Plaintiff is ordered not to attempt to introduce evidence or engage in argument directed to the issue of enhanced damages.

5

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

August 17, 1993

cc:   Jeffrey S. Cohen, Esq.
      Timothy Smith Reiniger, Esq.
      David L. Nixon, Esq.
      Matthew Schafner, Esq.