Millard v. Wolfeboro, et al.          CV-94-38-B     08/18/94

UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW HAMPSHIRE


Ralph Millard

     v.                                    Civil No. 94-38-B

Town of Wolfeboro, et. al.


                          **O R D E R**


     Ralph Millard seeks compensatory and punitive damages from
the Wolfeboro Police Department and Officers Scott Manchester and
Robert Engel.[1]  Millard contends that Officers Manchester and
Engel are liable pursuant to 42 U.S.C. § 1983 because they used
unconstitutionally excessive force and arrested him without
probable cause.  He contends that the Police Department is
similarly liable because the officers' unconstitutional conduct
was caused by inadequate training or by a department policy or
custom.  He also alleges that the officers are liable for
battery, false arrest, intentional infliction of emotional
distress and negligence.

     Defendants move to dismiss Millard's § 1983 claims on the

_____

     [1]Millard also sued the Town of Wolfeboro and the two
officers in their official capacities.  However, he has since
consented to the dismissal of these claims.

                              1

ground that they fail to state enforceable claims. They also contend that Millard's common law claims are barred because he failed to comply with New Hampshire's notice of claim statute. For the reasons that follow, I deny defendant's motion to dismiss and give Millard 10 days to file a proposed amended complaint correcting the deficiencies I describe in this order.

## I. FACTS

Millard contends that Manchester and Engel illegally arrested him while he was attending a high school basketball game. According to Millard's complaint, Manchester was speaking with two spectators about their behavior when Millard intervened in support of one of the spectators. Millard admits that he disobeyed Manchester's instruction to leave the gym and contends that Manchester and Engel arrested him when he attempted to return to his seat. During the arrest, the officers allegedly "thrusted [sic] the plaintiff against the interior wall of the gymnasium" and "pushed [him] through a set of doors into a lobby." As a result, Millard alleges that he suffered injuries to his arms, chest, neck, and head.

## II. **STANDARD OF REVIEW**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to review the allegations of the complaint in the light most favorable to plaintiff, accepting all material allegations as true, with dismissal granted only if no set of facts entitles plaintiff to relief. See, e.g., Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Berniger v. Meadow Green-Wildcat Corp., 945 F.2d 4, 6 (1st Cir. 1991); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).

Notwithstanding the liberal requirements of notice pleading and the deferential reading of a litigant's complaint required under Rule 12(b)(6), a district court must ensure that "each general allegation be supported by a specific factual basis." Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990). Thus, a district court need not accept subjective characterizations, bald assertions, or unsubstantiated conclusions. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52-53 (1st Cir. 1990); Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983). Moreover, while "the line between 'facts' and 'conclusions' is often blurred," Dartmouth Review, 889 F.2d at 16, the line must be drawn. For

3

> [i]t is only when such conclusions are
> logically compelled, or at least supported,
> by the stated facts, that is, when the
> suggested inference rises to what experience
> indicates is an acceptable level of
> probability that "conclusions" become "facts"
> for pleading purposes.

Id.; see Fleming, 922 F.2d at 24; Correa-Martinez, 903 F.2d at 53.

Care is required in determining the sufficiency of a complaint to insure that "heightened pleading" requirements are invoked only if such requirements are specifically authorized by the Federal Rules of Civil Procedure. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 113 S. Ct. 1160, 1163 (1993) (comparing Fed. R. Civ. P. 8(a)(2)'s general pleading requirement with the particular pleading requirement of Fed. R. Civ. P. 9(b) and holding that a heightened pleading standard does not apply to civil rights claims). However, even under the general pleading requirements of Fed. R. Civ. P. 8(a), a complaint will not withstand a motion to dismiss if the plaintiff has merely recited the elements of the complaint's causes of action in conclusory terms. Fleming, 922 F.2d at 24. Notice pleading requires factual allegations which, if true, establish all of the required elements of plaintiff's causes of action.

4

## III.  APPLICATION

### A.  Constitutional Claims Against Manchester and Engel

Millard's complaint alleges that Manchester and Engel violated his First, Fourth, Fifth, and Fourteenth Amendment rights.  However, in responding to defendants' motion to dismiss, Millard has appropriately narrowed his constitutional claims to the contention that the officers used excessive force and arrested him without probable cause in violation of his Fourth Amendment rights.[2]  Accordingly, I analyze defendants' challenge to Millard's claims under the Fourth Amendment.

#### 1.  Excessive Force

A police officer will be deemed to have used excessive force in connection with an arrest or a detention if he or she used force that was "objectively unreasonable" when viewed from the officer's perspective.  Graham, 490 U.S. at 396-97.  In elaborating on this standard, the First Circuit has stated that:

> [the] [p]roper application of the test of
> "objective reasonableness" requires the
> courts to pay careful attention to the facts

---

[2]In making this concession, Manchester has followed the admonition of the Supreme Court that such claims must ordinarily be analyzed under the Fourth Amendment.  Graham v. Connor, 490 U.S. 386, 395 (1989) (excessive force); Albright v. Oliver, 114 S. Ct. 807, 813 (1994) (plurality opinion) (prosecution on baseless charges).

and circumstances of the particular case at hand, including the severity of the crime, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight.

Gaudreault v. Salem, 923 F.2d 203, 205 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991).

Millard alleges: (i) that he was 61 years old when he was arrested; (ii) that he was arrested for resisting arrest and disorderly conduct; (iii) that the arresting officers thrust him against a wall and pushed him through a set of doors; and (iv) the officers injured Millard's arms, chest, neck and head severely enough to cause permanent neck pain and chronic headaches. Since the complaint does not contain any admission that Millard resisted arrest or attempted to flee, I conclude that Millard's excessive force claim alleges sufficient facts to support his claim that the officers' alleged use of force was objectively unreasonable.

### 2. Arrest without probable cause

The Fourth Amendment requires that an arrest be supported by probable cause. Illinois v. Gates, 462 U.S. 213, 232 (1983). For more than a decade, the Supreme Court has endorsed a "totality of circumstances" test to determine whether probable

6

cause exists.  Id.  Thus, in evaluating Millard's unlawful arrest claim, I must determine whether he has sufficiently alleged that the totality of the circumstances leading to his arrest were sufficiently incriminating when viewed from the arresting officers' perspective to cause a reasonable police officer to believe that Millard had committed a crime.  See generally, United States v. Diallo, 1994 U.S. App. LEXIS 17511 *7 (1st Cir. July 14, 1994).

Millard admits that he intervened in a discussion between one of the police officers and two fans, and that he refused to comply with the officers' order to leave the gym.  He alleges no other circumstances that would reasonably have supported the arresting officers' conclusion that Millard had unlawfully disturbed the peace and resisted arrest.  Accepting these allegations as true and construing them in the light most favorable to Millard, I conclude that these allegations are sufficient to support Millard's claim that the arresting officers lacked probable cause to arrest him.

### 3. Federal Punitive Damages Claims

A jury may award punitive damages against an individual defendant pursuant to § 1983 if the defendant's conduct is "motivated by evil motive or intent or when it involves reckless

7

or callous indifference to the federally protected rights of others."[3]  Smith v. Wade, 461 U.S. 30, 57 (1983).  The First Circuit also requires that "the defendant's conduct [be] 'of the sort that calls for deterrence and punishment over and above that provided by compensatory damages.'"  Davet v. Maccarone, 973 F.2d 22, 27 (1st Cir. 1992) (quoting Hernendez-Tirado v. Artau, 874 F.2d 866, 869 (1st Cir. 1989)).  Since Millard's complaint contains no allegations that satisfy this standard, his punitive damages request cannot survive in its present form.  Accordingly, I will dismiss his punitive damages claim unless a satisfactory proposed amended complaint is filed within 10 days of the date of this order.

B.    **Constitutional Claims Against the Police Department**

Respondeat superior claims are not cognizable under § 1983.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694-95 (1978).  Thus, in order to state a § 1983 claim against a municipality or a municipal subdivision, a plaintiff must allege that:  (1) a municipal policy maker intentionally adopted a

---

[3]Millard concedes that he may not recover punitive damages from the police department for its alleged constitutional violations.  See, e.g., Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

policy, implemented a training protocol, or allowed a custom to develop; (2) the challenged policy, training protocol or custom caused a violation of the plaintiff's constitutional rights; and (3) the policy maker acted either with deliberate indifference or willful blindness to the strong likelihood that unconstitutional conduct will result from the implementation of the policy, training protocol or custom.  Canton v. Harris, 489 U.S. 378, 385 (1989); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994); Manarite v. Springfield, 957 F.2d 953, 958 (1st Cir. 1992), cert. denied, 113 S. Ct. 113.  The deliberate indifference component of this test can be satisfied through allegations that the policy maker either knew or should have known of the serious risk that the challenged policy, custom or training protocol would result in unconstitutional conduct. Canton, 489 U.S. at 389-90; Maldonado-Denis, 23 F.3rd at 582; Farmer v. Brennan, 114 S. Ct. 1970, 1981 (1994) (comparing subjective deliberate indifference test under Eighth Amendment with the objective test of deliberate indifference governing municipal liability claims).

Millard alleges that the officers acted pursuant to a police department policy to "sumorily [sic] evict and/or arrest persons whose behavior during a high school basketball game was

9

considered unacceptable." He also contends that the police department "created and condoned a custom and practice which was likely to cause the constitutional deprivations which occurred here." Finally, he alleges that the police officers "were not properly trained, instructed, supervised or encouraged to act reasonably." These allegations are stated at such a high degree of generality that they defy analysis. They certainly do not sufficiently allege a municipal liability claim under § 1983. Accordingly, I will give Millard 10 days to file a motion to amend and a proposed amended complaint to specifically identify the alleged policy, custom, or deficient training that caused his injuries.

### C. Common Law Claims

#### 1. Notice of Claim Statute

Defendants invoke New Hampshire's notice of claim statute, N.H. Rev. Stat. Ann. 507-B:7, and contend that Millard's state law claims must be dismissed because he failed to comply with the statute's 60-day notice provision. Millard concedes that he failed to comply with the statute but argues that the defendants cannot prove that they were prejudiced by Millard's noncompliance. Since defendants' claim requires me to resolve a

10

disputed issue of material fact, i.e., prejudice, it cannot be resolved on a motion to dismiss. Accordingly, I deny defendants' motion to dismiss Millard's state law claims.[4]

### 2. Exemplary Damages

New Hampshire does not recognize punitive damages. However, a jury may award enhanced damages if the plaintiff pleads and proves that defendant's tortious actions were "wanton, malicious or oppressive . . . ." <u>Vratsenes v. N.H. Auto, Inc.</u>, 112 N.H. 71, 72, 289 A.2d 66, 67 (1972); <u>see also</u>, <u>Crowley v. Global Realty, Inc.</u>, 124 N.H. 814, 818, 474 A.2d 1056, 1058 (1984). Because the complaint contains no allegations that the defendants acted with this degree of culpability, Millard has not stated a sufficient claim for enhanced damages. Thus, if a satisfactory amendment is not filed within 10 days, I will dismiss this claim as well.

---

[4]Defendants have not challenged the sufficiency of Millard's common law claims. However, I note that these claims are so generally pleaded that they could not survive a Rule 12(b)(6) challenge. Accordingly, Millard will have to amend these claims if he intends to pursue them further.

11

## IV. <u>CONCLUSION</u>

Defendants' motion to dismiss is denied.  Millard shall have 10 days from the date of this order to file an amended complaint correcting the deficiencies I have noted in his remaining claims. Millard's claim against the Town of Wolfeboro, his claims against the individual defendants in their official capacities, and his punitive damages claim against the Wolfeboro Police Department are dismissed by agreement.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

August  18, 1994

cc:  R. Peter Taylor, Esq.
     Charles P. Bauer, Esq.