Catalfo v.Kindred Nursing          CV-01-365-M    05/30/03
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Donna Catalfo,
      Plaintiff

      v.                                  Civil No. 01-365-M
                                          Opinion No. 2003 DNH 097
Kindred Nursing Centers West,
LLC, d/b/a Dover Rehabilitation
& Living Center, formerly known
as Vencor Nursing Centers West,
LLC, d/b/a Dover Rehabilitation
and Living Center,
      Defendant


                            **O R D E R**


      Donna Catalfo has sued her former employer, Kindred Nursing

Centers West, LLC, d/b/a Dover Rehabilitation & Living Center

("defendant"), in six counts, seeking to recover for: wrongful

termination (Count I); breach of contract (Count II); negligent

misrepresentation (Count III); negligent training (Count IV);

negligent supervision (Count V); and negligent infliction of

emotional distress (Count VI).  Before the court is defendant's

motion for summary judgment (document no. 19).  Plaintiff objects

in part.  For the reasons given below, defendant's motion for

summary judgment is granted.

## Standard of Review

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "To determine whether these criteria have been met, a court must pierce the boilerplate of the pleadings and carefully review the parties' submissions to ascertain whether they reveal a trialworthy issue as to any material fact." Perez v. Volvo Car Corp., 247 F.3d 303, 310 (1st Cir. 2001) (citing Grant's Dairy-Me., LLC v. Comm'r of Me. Dep't of Agric., Food & Rural Res., 232 F.3d 8, 14 (1st Cir. 2000)).

In defending against a motion for summary judgment, "[t]he non-movant may not rely on allegations in its pleadings, but must set forth specific facts indicating a genuine issue for trial." Geffon v. Micrion Corp., 249 F.3d 29, 34 (1st Cir. 2001) (citing Lucia v. Prospect St. High Income Portfolio, Inc., 36 F.3d 170, 174 (1st Cir. 1994)). When ruling upon a party's motion for summary judgment, the court must "scrutinize the summary judgment record 'in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that

party's favor.'" <u>Navarro</u>, 261 F.3d at 94 (quoting <u>Griggs-Ryan v. Smith</u>, 904 F.2d 112, 115 (1st Cir. 1990)).

## Background

In brief, and presented in the light most favorable to Catalfo, the pertinent facts are as follows.

In April 1997, Catalfo was hired by Vencor to serve as Rehabilitation Services Manager at Dover Rehabilitation & Living Center ("Dover Rehab."). Shortly thereafter, her position was renamed "Ancillary Program Manager." In December 1997, Catalfo received a positive performance evaluation, a large pay raise, a bonus, and assurance from her supervisor, Nancy Treadwell, that her job was secure.

Three months later, in March of 1998, Treadwell put Celeste Bentley in the Ancillary Program Manager position, demoting Catalfo to the position of Assistant Ancillary Program Manager. In her new position, as Bentley's assistant, Catalfo retained her former duties, salary, benefits, and bonuses. When Catalfo asked Treadwell why Bentley had been given the Ancillary Program

Manager job, Treadwell told her that she had reassigned Bentley because Vencor was eliminating Bentley's position and Treadwell did not want to lose Bentley as an employee.

In July 1998, defendant laid off approximately 1500 employees. But, at that time, Treadwell assured Catalfo that her employment was secure. Catalfo also received a pay raise and a bonus. On September 4, 1998, defendant terminated Catalfo's employment.

Catalfo filed this action on the theory that she was terminated in violation of an "anti-bumping" policy set out not in the employee handbooks she was issued, but in a human resources management manual used by defendant. In a section titled "Layoff or Reduction in Hours," that manual states:

> When a need to reduce staff or eliminate job classifications occurs, Vencor will endeavor to transfer affected employees into available openings for which they qualify based on merit, ability, licensure/ certification status and length of service. Affected staff members, however, will not be allowed to "bump" other employees.

4

According to Catalfo, she was employed under a contract that included the foregoing provision. Defendant, plaintiff claims, breached her employment contract when Treadwell "bumped" her in favor of Bentley (Count II). Plaintiff also says defendant is liable to her, in tort, for negligent training (Count IV), negligent supervision (Count V), and negligent infliction of emotional distress (Count VI), because failures in training and supervision caused Treadwell and Bentley to act in a manner that breached plaintiff's employment contract and caused her severe emotional distress.

## Discussion

Defendant moves for summary judgment on several grounds. In addition to arguing that each of plaintiff's claims fails on the merits, defendant asserts the statute of limitations as a defense to Counts I-IV, and the workers' compensation exclusivity provision as a defense to Counts III-VI. In response, plaintiff: (1) affirmatively waives her objection to (i.e., concedes) summary judgment on Count I; (2) objects to defendant's statute of limitations and workers' compensation bar arguments; and (3) objects to summary judgment on the merits as to Counts II and

5

III.  Plaintiff does not, however, counter defendant's arguments that it is entitled to judgment as a matter of law on Counts IV-VI.

I.   Count II

Defendant is entitled to summary judgment on Count II because, on the undisputed factual record, plaintiff was an employee at will.

"[W]here there is a disputed question of fact as to the existence and terms of a contract it is to be determined by the trier of the facts, provided there is any evidence from which it could be found there was a contract between the parties." Harrison v. Watson, 116 N.H. 510, 511 (1976).  Here, there is no evidence from which it could be found that there was an employment contract between the parties beyond plaintiff's status as an at-will employee.

It is undisputed that plaintiff's initial letter of employment from Vencor, two employee handbooks provided to her, and two handbook acknowledgment forms signed by her, all stated,

in one way or another, that there was no contract of employment between plaintiff and defendant.[1]  Plaintiff nonetheless contends that she had an employment contract that included the "anti-bumping" provision in the human resources manual.  Specifically, she argues that because one of the two acknowledgment forms she signed did not explicitly state that other company documents cannot create an employment contract, and because she was required to read and follow the human resources manual, she is entitled to enforce the manual's anti-bumping provision as a term of her employment contract.

As noted, plaintiff places considerable reliance upon the first (Hillhaven) handbook acknowledgment form.  The second (Vencor) acknowledgment form states that "nothing contained in the Handbook, any personnel policy, procedure or document issued by Vencor, or any statement of supervisors or managers, either verbal or written, is intended to create or suggest a contract between Vencor and me . . . ."  The first form, however, lacks

_____

[1] Shortly after plaintiff was hired by Vencor in April, 1997, she received an employee handbook and signed an acknowledgment form prepared by Hillhaven, a previous owner of Dover Rehab.  In August 1997, she received a second employee handbook and signed a second acknowledgment form prepared by Vencor.

7

specific language relating to other personnel documents, stating simply:

> I also understand this Employee Handbook should not be construed as, and does not constitute, a contract, express or implied, or a promise of employment for any specific duration.

That acknowledgment form also contains the following relevant provision:

> I also understand that no supervisor, manager or representative of Hillhaven other than the President has the authority to enter into any agreement, either oral or written, with me for employment for any specified period of time or make any promises or commitments contrary to the foregoing. Further, I understand that any employment agreement entered into by the President shall not be effective unless it is in writing.

Plaintiff's theory is that because the first paragraph quoted above does not specifically state that other company documents, such as the human resources manual, cannot create an employment contract, a jury could find that the anti-bumping provision in the manual amounted to an enforceable contract right. Plaintiff's argument is undercut by the second quoted paragraph, which specifies that an employee's at-will status can be superseded by an employment contract only by means of a written

8

agreement entered into by the President.  No such agreement is alleged here.

In short, there is simply no evidence from which it could be found that plaintiff had an employment contract.  Certainly, it could be found that Vencor followed an anti-bumping policy and that plaintiff was obligated to know and follow the instructions set out in the manual describing that policy, but there is no factual basis for finding that plaintiff had an employment contract of any sort, much less one that entitled her to enforce the anti-bumping policy should her employer decide not to follow it.  As a matter of law, plaintiff was an at-will employee.  Because she was an at-will employee, she was subject to discharge for any reason, with limited exceptions not pertinent here.  See Harper v. Healthsource N.H., Inc., 140 N.H. 770, 774 (1996) (citing Cloutier v. Great Atl. & Pac. Tea Co., 121 N.H. 915, 919 (1981)).  Accordingly, defendant is entitled to summary judgment on Count II.

II.  <u>Count III</u>

In Count III, plaintiff claims that defendant is liable for negligent misrepresentation because Treadwell repeatedly told her that her job was secure, and then terminated her.  The false statement on which plaintiff's claim rests may be characterized as either a failed prediction or a broken promise that plaintiff's employment would not be terminated by the company in the future.  Defendant is entitled to judgment as a matter of law because plaintiff has produced no evidence to create a triable issue as to the existence of a misrepresentation by defendant.

"The elements of [negligent misrepresentation] are a negligent misrepresentation of a material fact by the defendant and justifiable reliance by the plaintiff."  Snierson v. Scruton, 145 N.H. 73, 78 (2000) (citing Hydraform Prods. Corp. v. Am. Steel & Alum. Corp., 127 N.H. 187, 200 (1985)).[2]  As for the statement plaintiff claims to have been a misrepresentation,

---

[2]  Negligence, in this context, is the failure of "one who volunteers information to another not having equal knowledge, with the intention that he [or she] will act upon it, to exercise reasonable care to verify the truth of his [or her] statements before making them."  Snierson, 145 N.H. at 78 (quoting Patch v. Arsenault, 139 N.H. 313, 319 (1995)) (alteration in the original).

> a promise is not a statement of fact and hence cannot, as such, give rise to an action for misrepresentation, [but] a promise can imply a statement of material fact about the promisor's intention and capacity to honor the promise. Hydraform Prods. Corp., 127 N.H. at 200. A promise, therefore, will only give rise to a claim of misrepresentation if, at the time it was made, the defendant had no intention to fulfill the promise. Id. at 201.

Thompson v. The H.W.G. Group, Inc., 139 N.H. 698, 700-01 (1995) (parallel citations omitted).

Here, plaintiff does not claim that Treadwell ever told her that her job was secure while simultaneously intending to terminate her employment. And indeed, the September 4, 1998, statement by Treadwell on which plaintiff relies, to the effect that Treadwell was being forced by Vencor's financial troubles to go back on her word to plaintiff, bespeaks a promise sincere when made, but later broken as a result of changed conditions, rather than an insincere promise made with no intention of keeping it. Unfortunately for plaintiff, only the second kind of broken promise – one that was false when made – is actionable as misrepresentation. Because no such promise is alleged (or

11

supported) here, defendant is entitled to judgment as a matter of law on plaintiff's negligent misrepresentation claim.

III. <u>Counts IV, V, and VI</u>

Defendant is also entitled to judgment as a matter of law on Counts IV, V, and VI. While those counts assert tort claims, this case is, in substance, a contract action. <u>See</u> <u>Antoniou v. Kenick</u>, 124 N.H. 606, 610 (1984) (quoting <u>French v. R.S. Audley, Inc.</u>, 123 N.H. 476, 479 (1983)) ("The determination of whether an action is a contract or a tort action is not controlled by the form of the action[,] but by its substance."). Here, plaintiff asserts that defendant's negligent training and supervision caused two of its employees to act in a manner that breached her employment contract and that the alleged breach caused her emotional distress. Thus, this case is a contract action. Moreover, "the facts constituting the breach of the contract [do not] also constitute a breach of a duty owed by the defendant to the plaintiff independent of the contract." <u>Lawton v. Great Southwest Fire Ins. Co.</u>, 118 N.H. 607, 613 (1978) (citing <u>Busick v. Home Owners Loan Corp.</u>, 91 N.H. 257, 258 (1941); <u>Dustin v. Curtis</u>, 74 N.H. 266, 269 (1907)). Accordingly, plaintiff's tort

12

claims must fail as a matter of law.  See id. ("a breach of contract standing alone does not give rise to a tort action") (citing Barrett v. New Eng. Tel. & Tel. Co., 80 N.H. 354 (1922)); see also Ellis v. Robert C. Morris, Inc., 128 N.H. 358, 363 (1986), overruled on other grounds by Lempke v. Dagenais, 130 N.H. 782 (1988).

## Conclusion

For the reasons given, defendant's motion for summary judgment (document no. 19) is granted.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

 

_____
Steven J. McAuliffe
United States District Judge

May 30, 2003

cc:  William A. Mulvey, Jr., Esq.
     Jeffrey S. Brody, Esq.