Hillsborough
No. 91-367

PETER G. KIDDER

v.

ANN KIDDER

June 2, 1992

*Richards, Gawryl & MacAllister*, of Nashua (*Joseph W. Mac-Allister* on the brief and orally), for the plaintiff.

*Ann Kidder*, by brief and orally, *pro se.*

JOHNSON, J.   The plaintiff, Peter G. Kidder, appeals the Superior Court's (*Dalianis*, J.) approval óf the Master's (*Alice Love*, Esq.) decree reinstating the plaintiff's obligation to pay alimony to the defendant, Ann Kidder, as of January 1, 1991. We reverse and remand.

The parties were divorced by decree dated August 10, 1982. They stipulated that the plaintiff would pay the defendant $500 monthly in alimony. In April 1984, the defendant asked the plaintiff to discontinue alimony payments because she was trying to be independent of him. In January 1985, however, unable to live on her own income, the defendant asked the plaintiff to resume payments according to the agreement. In September 1988, the defendant filed a petition to enforce the parties' stipulation, and the Court (*Barry*, J.) approved the Master's (*Peter J. Bourque*, Esq.) recommendation that the defendant was entitled to back alimony of $500 per month from January 1985 until the date of the court's order, and $500 per month thereafter.

In January 1990, the plaintiff petitioned the court to modify spousal support due to the plaintiff's changed financial circumstances. The Court (*Murphy*, J.) approved the Master's (*Deborah Kane Dickinson*, Esq.) findings that the "[d]efendant's need for alimony [was] the same as, if not more acute than, her need at the time the parties entered into the Permanent Stipulation," and that the "[p]laintiff's financial situation has changed since the parties' divorce through . . . no fault of his own." The court suspended the plaintiff's alimony obligation for one year beginning in January 1990 "to permit [him] an opportunity to stabilize his financial situation." The court also found that the arrearage owed to the defendant was $27,500, payable in monthly installments of $250, and entered a judgment against the plaintiff in that amount.

In December 1990, the plaintiff again filed a motion to modify spousal support on the grounds that he continued "to have a financial inability to make any spousal support payments despite [the defendant's need] for such support." In a December 1990 order, the Court (*Murphy*, J.) approved the Master's (*Deborah Kane Dickinson*, Esq.) findings that the plaintiff did not "have the current ability to pay $500 monthly in alimony . . . ," and extended the suspension of the plaintiff's alimony obligation indefinitely. The court also ordered that the $27,500 judgment would accrue interest at the rate of 10% per annum, and ordered the plaintiff to "provide security for that judgment by way of a real estate mortgage on his interests in the two parcels of real estate located in the State of Maine and jointly owned

with his current wife." In fact, at the time of the order, the plaintiff did not own the parcels jointly. In March 1990, he had conveyed his interest in the parcels to his current wife's trust. Finally, the court found the plaintiff in contempt and ordered him to continue to pay $250 per month on the alimony arrearage.

The plaintiff failed to provide the mortgages as ordered. In February 1991, the defendant filed a motion requesting that the plaintiff be compelled to produce the mortgages and that he again be found in contempt. In its June 18, 1991 order, the Court (*Dalianis,* J.) found the plaintiff in contempt, and granted the defendant a lien in the amount of $45,000 on the Maine parcels. The court also reinstated alimony at the rate of $500 monthly retroactive to January 1991, to continue until one of the following occurs:

"(a) perfection of the defendant's liens in accordance with the laws of the State of Maine;

(b) the execution and deliverance of the mortgages . . . ;

(c) until the plaintiff's alimony obligation is further modified by Court Order."

The plaintiff challenges the court's reinstatement of alimony on the grounds that the defendant made no request for reinstatement, that the court failed to consider the plaintiff's financial circumstances, and that imposition of alimony is not an appropriate contempt sanction. The plaintiff contends that the trial court may not reinstate alimony without first reversing its December 1990 finding that the plaintiff "does not have the current ability to pay $500.00 monthly in alimony. . . ."

We will not set aside a trial court's decision to alter or terminate alimony absent an abuse of discretion. *Henry v. Henry,* 129 N.H. 159, 161, 525 A.2d 267, 269 (1987). Although "the trial court has broad discretion to determine whether justice requires" modification or renewal of alimony, a trial court must consider all of the circumstances of the parties in making a modification or extension of alimony. *Id.* The husband's ability to pay is a relevant factor in determining alimony. *Id.* at 162, 525 A.2d at 269. In this case, the trial court failed to consider the plaintiff's ability to pay before reinstating alimony payments. Seven months prior to the court's most recent order, the trial court found that the plaintiff "does not have the current ability to pay $500.00 monthly in alimony to the defendant." Without a finding that the plaintiff's ability to pay had increased by June 1991, the court was without authority to reinstate or

modify alimony. Therefore, the court abused its discretion in deciding to reinstate alimony.

■ Upon remand, the trial court must first make a finding relative to the plaintiff's ability to pay if alimony is to be reinstated. The trial court, however, has the power to impose a monetary fine for a continued noncompliance with its orders. The court found the plaintiff in contempt, and has broad remedial power to impose penalties for contempt.

> "In civil contempt, the punishment is remedial, coercive, and for the benefit of the complainant. Civil contempt proceedings may result in *money fines payable to the complainant* or in an indeterminate jail sentence until the contemnor complies with the court order."

*Town of Nottingham v. Cedar Waters, Inc.*, 118 N.H. 282, 285, 385 A.2d 851, 853 (1978) (emphasis added). A $500 monthly fine could meet the requirements of a civil contempt penalty. The fine must be clearly coercive; be payable to the complainant, the defendant in this action; and continue until the contemnor, the plaintiff, complies with the court's order.

We reverse and remand for imposition of sanctions consistent with this opinion.

*Reversed and remanded.*

All concurred.