## PERKINS *v.* TOWLE.

Exemplary damages may be recovered in actions of trespass *quare clausum fregit* when there are such circumstances of aggravation, of insult, or of malice, as would warrant such recovery in any other form of action.

In an action of trespass, where the general issue is pleaded, all the acts and circumstances directly connected with and attendant upon the transaction complained of, are competent for either party to prove, as tending to favor or rebut the presumption of malice; but that is the extent of the rule under this plea.

In trespass *quare clausum*, and for tearing down the plaintiff's house, evidence that the house was occupied by lewd females, and that persons, a short time before the trespass, in visiting said house passed over the defendant's land and left his bars down, struck the defendant and disturbed a religious meeting at his house, swore at him, &c., is not admissible under the general issue, to rebut the presumption of malice, or in answer to a claim for exemplary damages.

THIS was a review of an action of trespass, for breaking and entering the house of the plaintiff, situated in Barnstead, in this county, and tearing off the outer boards and covering of the same, demolishing the inside partition, doors, plastering, chimneys, &c., on the night of the 7th of October, 1858.

The defendants, eight in number, confessed as damages, $40, and pleaded the general issue as to the residue.   The plaintiff claimed that the actual damages exceeded this sum, and also claimed exemplary damages.

To show that the trespass was not malicious, and to rebut the claim of exemplary damages, the defendants offered evidence tending to show that a family of lewd females lived in said house, who were visited by many profane and disorderly men, who passed over the land of A. K. Green, one of the defendants, and left his bars down, also to the injury of Loammi Green; and that the plaintiff was requested by them to remove the nuisance, and was also notified by Kaim, one of the selectmen of Barnstead, and other neighbors, to the same effect; and that five of these men, proposing to visit this house on Sunday, a short time before the trespass, disturbed a religious meeting at the house of A. K. Green, one of the

defendants, and then attempted to take said Green's bars down; Green remonstrating, they swore at him—one of them struck him —offered him twenty-five cents to let them pass. Green still refused. They persevered in passing to the house, but in another direction.

The defendants offered other testimony, tending to show that the plaintiff agreed, when requested by the neighbors, that he would remove the tenants, and that the house should be cleared, and if in no other way, he would head a band and forcibly do it; all which was admitted, the plaintiff excepting.

The plaintiff testified that he had verbally requested them to leave his premises, and that on the 28th of September, 1858, he left with the tenants a written notice to quit. The written notice was not produced.

The jury were permitted, upon motion of the defendants, to view the premises; and returned their verdict for the amount confessed, confirming the verdict of the former jury; whereupon the plaintiff moved to set aside the verdict, and the questions of law were reserved.

*George, Foster & Sanborn,* and *Flint,* for the plaintiff.

*Morrison, Stanley & Clark,* for the defendants.

1. The evidence introduced was competent to rebut the presumption of malice.

2. But we think that in this case the plaintiff could not legally claim exemplary damages, and therefore this evidence, even if incompetent, having been offered solely to rebut that claim, is immaterial, and the verdict should not be set aside. It is doubtful whether upon sound legal principles exemplary damages should be given in any case. 2 Greenl. Ev., sec. 253, and note. And it has been held in other jurisdictions that in cases where the defendant may be punished by indictment, exemplary damages can not be recovered. 5 Md. 322; 13 U. S. Dig. 150; *Austin* v. *Wilson,* 4 Cush. 273. And the decision in this last case has been recently referred to with approval in our own court. *Hopkins* v. *Railroad,* 36 N. H. 9. But, however this may be, we submit that it has never been held that vindictive damages may be given in cases for injuries to real estate, unconnected with the person or personal property, as this was. The rule has been stated by the court in this State to be, "that in actions for torts to the person and to personal property, the jury may give liberal or exemplary damages in their discretion." *Whipple* v. *Walpole,* 10 N. H. 132.

SARGENT, J. There were several other questions raised upon the trial in this case, beside those above stated, but it is not deemed of consequence to report them.

That this house of the plaintiff was occupied by improper persons, and that it was visited by improper persons and at improper times, and for improper purposes, might have been proper evidence upon which to have obtained an indictment against the owner or the

occupants. But it is not claimed as justification of the defendants' acts, and if no justification it is no excuse.

These defendants knew that they went in violation of law, and in direct violation of the plaintiff's rights. They do not claim that they mistook the law, or that they honestly, though mistakenly supposed that they had a right or any authority to do the acts complained of.

Because this plaintiff suffered his house to be thus occupied longer than suited the convenience of these defendants, and longer than was proper, according to their notions of propriety, either because he was not disposed, or was unable to remove the inmates, did not justify or excuse them in an open and known violation of law, and in thus wantonly injuring the plaintiff and destroying his property. The evidence does not show that at the time of the trespass complained of, these defendants were suffering any inconvenience from such occupation of the plaintiff's house, and if they were, mere inconvenience could be no excuse for these acts.

The evidence admitted in this case, in relation to what had happened prior to the acts complained of, was too remote, even to rebut the presumption of malice.

The defendants have pleaded guilty to the charge, by their confession, and that they are liable to pay all the actual damages which the plaintiff suffered by their acts, and they say that forty dollars covers that amount. But the plaintiff claims that his actual damages were more than that sum; and, also, that he is entitled to exemplary damages; that the defendants should pay him some thing for the circumstances of insult to him, and of aggravation toward him, with which the acts were attended.

Now in settling that question, all the circumstances and acts connected with and making parts of the transaction complained of, are competent; and under this plea, nothing more than that. *Reed* v. *Bias*, 8 Watts & Serg. 189, was trespass for pulling down the plaintiff's house, which was tried on the general issue. It was held that the fact that the building was peaceably taken down and its materials preserved in conformity with the directions of the commissioners of the township, at a time when there was great public excitement and disorder, with a view of saving the neighborhood from threatened violence, was admissible in evidence in mitigation of damages, or as showing that the plaintiff should recover only his actual pecuniary loss or damage.

But it was held that evidence that the commissioners had by law the power to abate nuisances, when ascertained to be such, and that a grand jury, after instructions by a competent court, presented this building as a public nuisance and recommended its abatement, was not, under the issue, admissible for the same purpose.

So in an action for assault and battery the defendant may give in evidence, immediate provocations, such as happened at the time of the assault, but not such as had previously happened. *Avery* v. *Ray*, 1 Mass. 12.

So in the case at bar, all the acts and circumstances directly attendant upon the transaction complained of, are competent for

either party to show, as tending to favor or rebut the presumption of malice. But under this plea that is the extent of the rule. 2 Greenl. Ev., sec. 274; *Brown* v. *Gordon*, 1 Gray 182; *Sampson* v. *Henry*, 11 Pick. 379; *Hall* v. *Prince*, 12 Met. 482; *Knights* v. *Foster*, 39 N. H. 576, and authorities cited.

The evidence on that point was therefore improperly admitted. But it is said that although this evidence was not competent, as tending to rebut the presumption of malice, and the claim for exemplary damages, yet that no such claim could legally be made in this case, because this was a trespass to real estate; and the defendants' counsel claim that it has never been held that vindictive or exemplary damages may be recovered for injuries to real estate.

We do not find the defendants' position on this point borne out by the authorities, although we find some expressions that seem to favor that view. In *Whipple* v. *Wentworth*, 10 N. H. 132, it was said that the principle was established, that in actions for torts to the person and personal property, the jury may give exemplary damages, &c.; and similar expressions may be found in other authorities. But the rule of exemplary damages is not confined to that class of property or of cases.

*Merest* v. *Harvey*, 5 Taunt. (1 E. C. L.) 230, was trespass for breaking and entering the plaintiff's close, treading down his grass and hunting for game. It appeared that the defendant refused to leave when notified, and used insulting language to the plaintiff. It was held that a verdict of £500 was not excessive damages. *Gibbs*, C. J., said, "I wish to know, in a case where a man disregards every principle which actuates the conduct of gentlemen, what is to restrain him except large damages?" And *Heath*, J., said, "It goes to prevent the practice of dueling, if juries are permitted to punish insult by exemplary damages."

So in *Sears* v. *Lyons*, 2 Stark. (3 E. C. L.) 317, which was trespass for breaking and entering the plaintiff's close, and laying poison upon it with intent to destroy the plaintiff's poultry. It appeared in evidence that some of the plaintiff's poultry had died, but whether from eating the poisoned barley on the plaintiff's land, did not appear. The jury gave £50 damages. *Abbott*, J., charged the jury that for the trespass and entry into the house or lands of the plaintiff, they might consider not only the mere pecuniary damages sustained by the plaintiff, but also the intention with which the fact had been done, whether for insult or injury. So in *Tullidge* v. *Wade*, 3 Wilson 18; and in *Doe* v. *Filliter*, 13 M. & W. 47.

The same doctrine is held in *Bateman* v. *Goodyear*, 12 Conn. 580; and in *Treat* v. *Burlen*, 7 Conn. 279, in which *Hanson*, C. J., says, "The jury are not bound down to give the mere pecuniary loss sustained by the plaintiff, but may award damages for the malice and insult attending a trespass." And although that was trespass *de bonis asportatis*, yet it is evident, from the connection in which the above remark was made, that it was intended to apply to trespass *quare clausum*, as well.

In *Merrills* v. *The Tariff Company*, 10 Conn. 384, it was held that in an action on the case, exemplary damages might be recovered, as

well as in trespass. *Huntington,* J., says, "If the owner of a well shall bring trespass against another for an entry on his land and putting into the well any poisonous or offensive substance, the jury would not be restricted, in awarding damages, to the actual pecuniary loss which the plaintiff may have sustained." And why should they be so restricted, should the plaintiff be a co-tenant with the defendant, of the well, and bring an action on the case for a like injury, committed under like circumstances?

In *Major* v. *Puliane,* 3 Dana 584, it was held that in trespass *quare clausum fregit,* where malice, and vexatious and incidental wrongs were proved, the jury may give any amount of damages, not exceeding that laid in the declaration, unless so excessive as to be obviously oppressive, or to evince corruption or vindictive passion on the part of the jury.

We do not mean to say that in this case any exemplary damages should or should not be recovered; nor do we intend by this decision to extend the doctrine of exemplary damages as held in this State; but we hold, simply, that exemplary damages may be recovered in an action of trespass *quare clausum fregit,* as well as in any other action, where there are such circumstances of aggravation, of insult, and of malice, as would warrant such recovery.

*A new trial granted.*