KIMBALL v. HOLMES.

In trespass for injuring the plaintiff's horse, if the award of damages is enhanced beyond the actual material damages sustained because the act was accompanied with malice, it will not for that reason be open to the objection that it exposes the defendant to double punishment, if only full compensation is awarded.

TRESPASS, for beating and injuring the plaintiff's mare with an axe. The action was defaulted, and referred to a referee to assess the damages, who reported that the defendant committed the injury as alleged, and accompanied the act with such malicious insults as should enhance the damages, and awarded that the plaintiff recover the sum of forty dollars. The mare before the injury was lame, and of small value. The court ordered judgment on the report, and the defendant excepted.

*E. Fletcher* and *Benton & Hutchins*, for the defendant.

*Ray, Drew & Jordan*, for the plaintiff.

SMITH, J. In a civil action founded on a tort, nothing but compensatory damages can be awarded, but the injured party is entitled to full compensation for all the injury sustained, mental as well as material. In some cases, compensation for the actual material damage sustained will be full compensation. In other cases, the material damages may be trivial, and the principal injury be to the wounded feelings from the insult, degradation, and other aggravating circumstances attending the act. The recent cases of *Fay* v. *Parker*, 53 N. H. 342, and *Bixby* v. *Dunlap*, 56 N. H. 456, may be regarded as settling the law on this subject in this state. The award, as we construe it, compensates the plaintiff for the damage he has sustained by the injury to his property, and for his mental damage by reason of the defendant's malice; and there is nothing in the award that shows that it was intended as a punishment for violation of criminal law.

*Exceptions overruled.*

STANLEY, J., did not sit: the others concurred.