Hillsborough, }
  Dec., 1898. }

## Dow & a. v. The Electric Co.

High-water mark on a fresh-water river is the line which the river impresses upon the soil by covering it for sufficient periods to deprive it of vegetation and to destroy its value for agriculture.

Petition, under the flowage act, for the assessment of damages. The plaintiffs' land was bounded by the Piscataquog river at "high-water mark." The Piscataquog is a fresh-water river. The court instructed the jury that the words "high-water mark" meant that line on the river bank where vegetation ceased, and that the plaintiffs were entitled to recover damages to their land by flowage to that line. The defendants excepted.

Burnham, Brown & Warren, for the plaintiffs.

Sulloway & Topliff and David A. Taggart, for the defendants.

Wallace, J. The high-water mark on fresh-water rivers is not the highest point to which the stream rises in times of freshets, but is "the line which the river impresses upon the soil by covering it for sufficient periods to deprive it of vegetation and to destroy its value for agriculture." Gould Wat., s. 45; Howard v. Ingersoll, 13 How. 381; In re Minnetonka Lake, 56 Minn. 513; Houghton v. Railroad, 47 Ia. 370. The instructions to the jury were in accordance with this principle.

                                      Exception overruled.

Pike, J., did not sit: the others concurred.