Hillsborough, )
 Dec., 1898. }

## FRIEL v. PLUMER & a.

Damages are recoverable for mental suffering occasioned by a malicious attachment of exempted property.

An order at the trial term limiting costs is not open to exception.

CASE. Writ dated November 2, 1895. The declaration contained three counts; (1) For maliciously bringing a civil action

against the plaintiff; (2) for maliciously attaching the plaintiff's household furniture, exempt from attachment; (3) trespass *de bonis asportatis.* Facts found by a referee.

August 13, 1895, the defendants brought an action against the plaintiff and caused all her furniture exempt from attachment to be attached on the writ. All of the furniture, except three articles of the value of sixteen dollars, was released to the plaintiff upon demand. November 6, 1895, the defendants recovered judgment and levied upon these articles. The defendants were moved to bring their action quite as much by anger and spite against the plaintiff as by a desire to collect their debt. The plaintiff was greatly distressed mentally, and was prostrated physically for several days in consequence of the defendants' suit and the attachment of her furniture, and claimed damages for the mental suffering. The referee assessed the damages for the taking of the articles levied upon at sixteen dollars, and found that the plaintiff should have fifty dollars in addition if she was entitled to other damages as claimed by her. Judgment was ordered for the plaintiff for sixteen dollars damages, with costs of two terms only. The plaintiff excepted because the fifty dollars damages was not included in the judgment ordered, and to the order limiting costs.

*John Gage* and *William H. Drury,* for the plaintiff.

*Andrews & Andrews,* for the defendants.

PARSONS, J. The ground of the plaintiff's claim at the present time is not the malicious prosecution of a civil suit against her. It is conceded that no such cause of action arises upon the facts, because the defendants' suit against the plaintiff had not been terminated when the present suit was commenced, and the recovery by the present defendants in the former suit establishes that that suit was not brought without probable cause. *Davis* v. *Clough,* 8 N. H. 157; Cool. Torts 181, 185; 2 Gr. Ev., ss. 452, 453. " For maliciously prosecuting a good cause of action in the manner provided by law, for the purpose of recovering damages therein, there is no remedy because there is no wrong." *Johnson* v. *Reed,* 136 Mass. 421, 422; *O'Brien* v. *Barry,* 106 Mass. 300. But the illegal attachment and seizure of all the plaintiff's household property, exempt by statute from attachment and seizure, was not a prosecution of the defendants' cause of action in the manner provided by law, and the plaintiff now rests her case on the alleged malicious abuse of process,— on the trespass, for which the legal process affords no justification. A few days after the attachment, upon demand, all of the property attached was released to her except three articles valued at $16, for which

sum it is conceded the plaintiff is entitled to judgment. The plaintiff was greatly distressed mentally, and physically prostrated by the bringing of the suit and the attaching and removing of her furniture. If the plaintiff is entitled to recover "mental damages or exemplary damages" on the facts found, such damages are assessed at fifty dollars. The controversy is whether this sum can be recovered.

"In a civil action founded on a tort, nothing but compensatory damages can be awarded, but the injured party is entitled to full compensation for all the injury sustained, mental as well as material. In some cases, compensation for the actual damage sustained will be full compensation. In other cases, the material damages may be trivial, and the principal injury be to the wounded feelings from the insult, degradation, and other aggravating circumstances attending the act." *Kimball* v. *Holmes*, 60 N. H. 163, 164. The case cited was trespass for beating and injuring the plaintiff's mare with an axe. A referee reported that the defendant committed the injury as alleged, and accompanied the act by such malicious insults as would enhance the damages. The court construed the award to mean compensation to the plaintiff for the material injury to his property, and for his mental damage by reason of the defendant's malice. In that case, injury to the plaintiff's horse inflicting a partial loss of its value upon the plaintiff did not give him a greater right to damages than he would have had if deprived of its whole value because it was killed or driven away by the defendant. The plaintiff's material loss in such case would have been the value of his horse, and his right to full compensation would not have been affected under the same circumstances by the increase in the material damage; neither would the plaintiff's right to compensation be affected by the fact that the personal property injured was capable of being driven instead of carried away from his control,— was animate instead of inanimate. The material damage would merely be greater or less according to the value of the property lost. The amount or character of the plaintiff's material damage for which he might recover, regardless of the defendant's malice or want of malice, does not affect his right to recover for mental distress occasioned by the defendant's malice. In the present case, the plaintiff's inanimate property was wrongfully taken from her by the defendants. If the taking was without malice, the value of the property lost — the material injury — is full compensation for the injury. If the defendants acted maliciously, and the plaintiff suffered mental damage thereby, she does not receive full compensation for the wrong done unless she recovers the award for such damage. As said in *Kimball* v. *Holmes*, the cases of *Fay* v. *Parker*, 53 N. H. 342, and *Bixby* v. *Dunlap*, 56 N. H. 456, may be regarded as settling

the law in this state. Whether the attachment of the plaintiff's household furniture was or was not malicious is a question of fact. The referee finds that Plumer in bringing the suit was moved quite as much by his anger and spite toward her as by his desire to collect the firm debt, but makes no finding as to the attachment. If such attachment was made for either of these purposes, with knowledge that the property was exempt from attachment, or without reasonable ground to suppose that it was subject to attachment, that fact with the other facts reported furnishes evidence from which the inference of malice might and perhaps should be found; but whether the attachment was actually malicious — made to harass or annoy the plaintiff, or illegally to compel payment by her — is a question of fact. It appears that the plaintiff expressly requested the referee to find upon the question of malice. No finding upon this question as to the attachment has been made, and, as the fact is material, judgment cannot properly be ordered until the fact is found. P. S., c. 247, s. 11. At the trial term the report may be recommitted for a specific finding upon this question, when the plaintiff will be entitled to judgment accordingly as the fact is found. The order limiting costs is not open to exception. *Nutter* v. *Varney*, 64 N. H. 334.

*Exception sustained.*

PEASLEE, J., did not sit: the others concurred.