Hillsborough, }
May 7, 1935. }

MABEL R. BRUTON *v.* LEAVITT STORES CORP'N OF NEW HAMPSHIRE.

*Aloysius J. Connor,* for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Wyman* orally) for the defendant.

ALLEN, C. J.    I. The defendant offered evidence of a neurotic condition of the plaintiff causing her to exaggerate the effects of any injury while litigation on account of it remained unsettled.

The competency of such evidence is clear.    But, so far as the evidence was only of her conduct in one instance of earlier litigation, it is also clear that its admission would have been improper even in discretion.    Its probative value would have been slight, and the resulting "impractical and confusing multiplicity of collateral issues" (*Stocker* v. *Railroad,* 83 N. H. 401, 405) would have tended to render the trial unfair.    If after the introduction of other evidence of the condition evidence of its manifestation in a given situation were

offered, or if there were a number of instances of the manifestation, a discretion admitting it might be properly exercised. But it would then be matter of discretion unless remoteness were not to be found. Ordinarily a characteristic or an habitual course of conduct is not shown by a single occasion of exhibition. To admit evidence of this sort its relevancy must be reënforced by a finding that it will be of practical service. *Beckman* v. *Souther*, 68 N. H. 381; *Curtice* v. *Dixon*, 74 N. H. 386, 397; *Lovett* v. *Railway*, 85 N. H. 345, 352, and cases cited.

II. In argument, the jury were asked to award the plaintiff "a verdict that will not only serve notice on the Leavitt Company but other public stores that their duty is not to be regarded lightly in respect to that which is due to their customers." The record then shows the following: "*Mr. Wyman:* I except to that argument; it is very improper. My exception may be noted? *The Court:* Yes."

The exception was duly taken. " . . . in the absence of differentiating circumstances the allowance of an exception must be regarded as an implied sanction of the argument." *Salvas* v. *Cantin*, 85 N. H. 489, 491. See also *Harvey* v. *Welch*, 86 N. H. 72. The noting of an exception is its allowance, *Christie* v. *Company*, *ante*, 236.

The argument was prejudicial. Elements of damage do not include impositions in the nature of penalties, to induce the defendant and others to conduct themselves properly. *Fay* v. *Parker*, 53 N. H. 342; *Bixby* v. *Dunlap*, 56 N. H. 456; *Brown* v. *Company*, 237 Pa. St. 324; 64 C. J. 281.

The denial of the motion to set aside the verdict because of prejudice does not help the plaintiff. An uncured error as matter of law rendered the trial unfair. *Burnham* v. *Stillings*, 76 N. H. 122, 129-131.

III. Decision upon the remaining exceptions does not appear to be of service for the retrial of the action.

*New trial.*

All concurred.