Manchester District Court,
No. 6295.

## John Vratsenes

*v.*

## N. H. Auto, Inc., d.b.a.
## Kilgus Pontiac-Cadillac & a.

March 7, 1972.

*Emile R. Bussiere* and *Kenneth R. McHugh* (*Mr. Bussiere* orally) for the plaintiff.

*Upton, Sanders & Upton* and *John J. Sobol* (*Mr. Sobol* orally) for the defendants.

Lampron, J. Action of trespass against N.H. Auto, Inc. and George Kilgus alleging a willful and malicious entry on June 1, 1970, on plaintiff's land in Manchester and seeking punitive and compensatory damages. Plaintiff's declaration alleges that the defendants removed bushes growing on his premises and changed the character of his property against his wishes in order to enhance defendants' adjoining property. Plaintiff alleges further that "such trespass was particularly willful and malicious in that on a previous occasion, to wit on September 4, 1968, a trespass was committed of a similar nature which resulted in a claim and which therefore notified the defendants of the plaintiff's resentment."

Hearing before *Capistran*, J., who granted defendants' motion to dismiss that part of plaintiff's claim seeking punitive damages and returned a verdict for plaintiff in the amount

of one dollar. Plaintiff's exceptions thereto were reserved and transferred to this court under the provisions of RSA 502-A:17-a (supp.).

The issue before us on this appeal is whether punitive or exemplary damages can be awarded in this jurisdiction in the present action.

"Exemplary, or punitive, damages are generally defined or described as damages which are given as an enhancement of compensatory damages because of the wanton, reckless, malicious, or oppressive character of the acts . . . ." 22 Am. Jur. 2d Damages *s.* 236 (1965). These terms are used interchangeably in most jurisdictions. Typical of torts for which such damages are awarded are assault and battery, libel and slander, deceit, malicious prosecution, and intentional interferences with property such as trespass. Prosser, Law of Torts *s.* 2, at 10 (4th ed. 1971).

In most jurisdictions exemplary damages are allowed and awarded not by way of compensation but as a punishment to the defendant and as a warning and example to deter him and others from committing like offenses in the future. *Curtis Publishing Co.* v. *Butts*, 388 U.S. 130, 161, 18 L. Ed. 2d 1094, 1114-15, 87 S. Ct. 1975, 1994-95 (1967); *Green* v. *Wolf Corporation*, 406 F.2d 291 (2d Cir. 1968); *Riegel* v. *Aastad*, 272 A.2d 715 (Del. 1970); *Eshelman* v. *Rawalt*, 298 Ill. 192, 131 N.E. 675 (1921); 70 Harv. L. Rev. 517, 521, 522 (1957).

However, in New Hampshire, the punitive function of exemplary damages has been rejected in forceful and colorful language. "The idea is wrong. It is a monstrous heresy. It is an unsightly and an unhealthy excrescence, deforming the symmetry of the body of the law." *Fay* v. *Parker*, 53 N.H. 342, 382 (1872). This anathema is found in less vitriolic language in *Bruton* v. *Corporation*, 87 N.H. 304, 179 A. 185 (1935). Nevertheless, this court in *Fay* v. *Parker supra*, and more particularly in *Bixby* v. *Dunlap*, 56 N.H. 456, 462 (1876), has recognized that in cases where the acts complained of were wanton, malicious, or oppressive, the compensatory damages for the resulting actual material loss can be increased to compensate for the vexation and distress caused the plaintiff by the character of defendant's conduct.

This same principle has been expressed in the following

language: "In a civil action founded on a tort, nothing but compensatory damages can be awarded, but the injured party is entitled to full compensation for all the injury sustained, mental as well as material. In some cases, compensation for the actual material damage sustained will be full compensation. In other cases, the material damages may be trivial, and the principal injury be to the wounded feelings from the insult, degradation, and other aggravating circumstances attending the act." *Kimball* v. *Holmes,* 60 N.H. 163, 164 (1880); *Friel* v. *Plumer,* 69 N.H. 498, 500, 43 A. 618, 619 (1898). The rule in these cases has been restated recently as being different and more liberal. *Hahn* v. *Hemenway,* 96 N.H. 214, 72 A.2d 463 (1950); *Chagnon* v. *Union Leader Co.*, 103 N.H. 426, 174 A.2d 825 (1961); 41 B.U.L. Rev. 389 (1961).

The above summary of a century of the jurisprudence of this State pertaining to exemplary or punitive damages leads to certain definite conclusions. No damages are to be awarded as a punishment to the defendant or as a warning and example to deter him and others from committing like offenses in the future. In other words, no damages other than compensatory are to be awarded. However, when the act involved is wanton, malicious, or oppressive, the compensatory damages awarded may reflect the aggravating circumstances.

In this State, as elsewhere, such damages have been held proper in actions of trespass when the acts complained of have been accompanied by aggravation, insult, oppression, or malice. *Perkins* v. *Towle,* 43 N.H. 220 (1861); *Kimball* v. *Holmes supra*; 25 C.J.S. Damages *s.* 121, at 1132 (1966); *see Pettengill* v. *Turo,* 159 Me. 350, 193 A.2d 367 (1963). In fixing the amount of damages consideration is to be given to the result of the act itself, and the circumstances surrounding it, among which motive and the presence or absence of provocation. *Kimball* v. *Holmes,* 60 N.H. 163 (1880).

There is no transcript of the proceedings before us. We are unable to determine from the transferred case whether or not the trial court granted defendants' motion to dismiss plaintiff's claim for "punitive" damages on the mistaken assumption that consideration of any damages other than the material damage was precluded as a matter of law. The

verdict for plaintiff in the amount of one dollar is not conclusive of the issue. If the trial court is of the opinion that compensatory damages in excess of the one dollar verdict should be awarded for aggravating circumstances accompanying the trespass the verdict should be reconsidered; otherwise it may stand.

*Remanded.*

All concurred.