Minion v. Burdin                          CV-95-428-M    05/29/96 P

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Minion Incorporated; and
Futamu Sakurai,
    Plaintiffs,

v.                                          Civil No. 95-428-M

William T. Burdin, Esquire,
    Defendant.


O R D E R


Plaintiffs, Minion Inc. and Futamu Sakurai, filed a three-count complaint against William T. Burdin, Esq., alleging legal malpractice.  Count I charges Burdin with negligence, and Count II alleges breach of contract.  In Count III, plaintiffs claim they are entitled to enhanced compensatory damages.  Burdin now moves to dismiss plaintiffs' claim for enhanced compensatory damages for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  For the reasons discussed below, Burdin's motion is necessarily denied.


I.    STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of

limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." Chasan v. Village District of Eastman, 572 F. Supp. 578, 579 (D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984) (citations omitted).

## II.  DISCUSSION

Under New Hampshire law, a claim for enhanced damages is not a separate cause of action; it is a request for a particular remedy. See Sweet v. Hadco, No. C-95-576-M, slip op. at 2 (D.N.H. Jan. 18, 1996). A plaintiff can recover enhanced compensatory damages from a defendant when the defendant's actions constitute a state law tort and are "wanton, malicious, or oppressive." Munson v. Raudonis, 118 N.H. 474, 479 (1978) (quoting Vratsenes v. N.H. Auto, Inc., 112 N.H. 71, 73 (1972)).

2

In Count I of their complaint, plaintiffs allege that Burdin acted negligently in providing them with legal representation. Therefore, Count III of plaintiffs' complaint, which alleges that Burdin also acted willfully, wantonly, maliciously, and oppressively toward plaintiffs while representing them, is properly interpreted not as a separate cause of action but as a claim for enhanced damages resulting from the tortious conduct alleged in Count I.

## A.    Enhanced Damages for Unintentional Torts

Burdin moves to dismiss plaintiffs' claim for enhanced compensatory damages, arguing that under New Hampshire law enhanced damages are available, as a matter of law, only when the defendant's conduct constitutes an intentional tort and was also wanton, malicious, or oppressive.  Since plaintiffs only allege an unintentional tort here (negligence), the argument goes, enhanced damages are unavailable as a matter of law.  Burdin's restrictive view of the law of enhanced compensatory damages does not, however, find substantial support in the New Hampshire caselaw on which he relies.

3

## 1.    The Nature of the Conduct

According to Burdin, a plaintiff may recover enhanced compensatory damages only when he or she brings a cause of action against a defendant for an intentional tort.  Central to his argument is the notion that the availability of enhanced damages turns on the intentional or unintentional nature of the tort alleged in the complaint.  However, the New Hampshire Supreme Court has never linked enhanced compensatory damages to the nature of the tort alleged.  Rather, that court has consistently held that the availability of enhanced damages turns on the wanton, malicious, or oppressive nature of the defendant's tortious conduct, whether the conduct constitutes an intentional or unintentional tort.

The seminal case of Vratsenes v. N.H. Auto Inc., 112 N.H. 71 (1972), makes clear that enhanced damages may be awarded whenever the act or conduct that constitutes a tort is "wanton, malicious, or oppressive," the intentional or unintentional nature of the tort alleged being immaterial.  Id. at 72.  The court stated, "In a civil action founded on a tort, nothing but compensatory damages can be awarded, but the injured party is entitled to full compensation for all the injury sustained . . . ."  Id. at 73

4

(quotations and citations omitted, emphasis added). In some cases, "the material damages may be trivial, and the principal injury be to the wounded feelings from the insult, degradation, and other aggravating circumstances surrounding the act." Id. (quotations and citations omitted, emphasis added). So, "when the act involved is wanton, malicious, or oppressive, the compensatory damages awarded may reflect the aggravating circumstances." Id. (emphasis added).

In short, neither Vratsenes nor its progeny explicitly or implicitly condition the availability of enhanced compensatory damages on the intentional nature of the cause of action brought by the plaintiff. Rather, a plaintiff seeking enhanced damages must allege and prove that the defendant's tortious conduct was wanton, malicious, or oppressive. Gelinas v. Mackey, 123 N.H. 690, 693 (1983); Johnsen v. Fernald, 120 N.H. 440, 442 (1980); Munson v. Raudonis, 118 N.H. 474, 479 (1978).

Furthermore, the New Hampshire Supreme Court has explicitly recognized that enhanced compensatory damages are available in connection with unintentional tort claims. In Johnsen v. Fernald, 120 N.H. 442 (1980), the plaintiff sued the defendant in tort, alleging that he negligently operated a motor vehicle while under the influence of alcohol. The plaintiff failed, however,

5

to specifically allege that the defendant acted in a wanton, malicious, or oppressive manner.  Id. at 441.  The trial judge declined to instruct the jury on enhanced compensatory damages.

The New Hampshire Supreme Court affirmed the trial court's refusal to instruct on enhanced compensatory damages, not because enhanced damages are unavailable as a matter of law in unintentional tort cases, but because the plaintiff had not properly pled facts (i.e., wanton, malicious, or oppressive conduct) entitling her to those damages.  The court held that in order to recover enhanced damages a plaintiff must both allege and prove wanton, malicious, or oppressive conduct by the defendant.  Id. at 442.  The court also determined that the plaintiff's allegations and proof that the defendant in that case operated a vehicle while intoxicated did not, in and of themselves, constitute allegations and proof that the defendant acted maliciously.  Id. at 441.  In concluding, the court explained the state of New Hampshire's law in summary form:

> In Munson, we refused to equate an intentional tort with malice for the purpose of enhancing damages and stated that "liberal compensatory damages will not be allowed without the allegation and proof of wanton, malicious, or oppressive conduct." . . .  It is only logical that the same rule apply to the unintentional tort of negligence.

6

<u>Id.</u> at 442 (first emphasis in <u>Johnsen</u>, second emphasis added).
Therefore, the New Hampshire Supreme Court has recognized that
enhanced damages are, at least in theory, available under New
Hampshire common law for unintentional torts, if the requisite
aggravated conduct is both alleged and proven.

### 2. Responsibility versus Compensability

Allowing the availability of enhanced damages to turn on the
intentional or unintentional character of the underlying tort
would effectively link two discrete standards that the New
Hampshire Supreme Court has consistently treated as independent
of one another. That is, the standard for determining
compensability would become directly linked to the standard for
determining legal responsibility for injuries resulting from
tortious conduct. In short, as a prerequisite to showing wanton,
malicious, or oppressive conduct for damages purposes, a
plaintiff would be required to show that the defendant's conduct
was intentional for liability purposes. New Hampshire law,
however, maintains a sharp distinction between the standards for
determining legal responsibility and compensability.

For example, in what is generally viewed as one of the
earliest New Hampshire cases touching upon enhanced damages (<u>see</u>

Buchanan v. Westinghouse Elec. Corp., No. C-90-370-B, slip op. at 3 (D.N.H. Aug. 17, 1993)), the court in McBride v. Huckins, 76 N.H. 206 (1911), recognized the insignificance of willful conduct relative to determining negligence liability while recognizing its significance relative to determining damages:  "If it is true that in an action for negligence it is immaterial on the question of liability whether the defendant acted willfully in doing the act complained of, the circumstances attending the act, including the motives of the defendant, may often be considered in assessing damages."  Id. at 214 (emphasis added).

The New Hampshire Supreme Court recently followed its practice of keeping the standards for determining responsibility and compensability independent of one another.  In Panas v. Harakis, 129 N.H. 591 (1987), the court rejected the plaintiff's argument that liability and enhanced compensatory damages are inextricably linked, noting, "We think a fairly clear distinction can be made between the responsibility of [defendants] for [plaintiff's] injuries and the compensability of those injuries." Id. at 608.  The notion that the standard for determining compensability is independent of the standard for determining responsibility also underlies the decisions in Munson v. Raudonis, 118 N.H. 474 (1978) (holding that plaintiff's

8

allegation and proof of an intentional tort is not, _ipso_ _facto_, allegation and proof of wanton, malicious, or oppressive conduct for purpose of enhanced damages), and <u>Johnsen v. Fernald</u>, 120 N.H. 440 (1980) (stating that allegation and proof of particularly "deplorable" negligence tort does not constitute allegation and proof of wanton, malicious, or oppressive conduct for purpose of enhanced damages).

### 3. Wantonness

That enhanced compensatory damages are available in negligence cases when the defendant's conduct is also wanton, malicious, or oppressive finds further support in the New Hampshire Supreme Court's treatment of the first of these three types of aggravated conduct. In <u>Thompson v. Forest</u>, 136 N.H. 215 (1992), the court determined that an allegation of "wanton" conduct does not necessarily constitute and allegation of "intentional" conduct that would give rise to a claim for an intentional tort. Rather, the court held that wanton conduct, in some situations, may only give rise to a negligence claim: "The defendant who acts in the belief or consciousness that the act is causing an appreciable risk of harm to another may be negligent, <u>and if the risk is great the conduct may be characterized as</u>

9

reckless or wanton, but it is not an intentional wrong." <u>Id.</u> at 220 (emphasis added). "Willful, wanton, and reckless conduct may, or may not, be the basis for a properly pleaded intentional tort." <u>Id.</u>

Indeed, on another occasion the New Hampshire Supreme Court suggested that allegations of wanton behavior are more consistent with negligence torts than with intentional torts. In <u>Akerley v. Hartford Ins. Group</u>, 136 N.H. 433 (1992), the court distinguished negligence torts from intentional torts and noted that "claims of willful, wanton, and reckless conduct have generally been treated . . . as an aggravated type of negligence." <u>Id.</u> at 437. Therefore, it is entirely consistent with New Hampshire tort law for "wanton" conduct justifying enhanced damages to be found in connection with an unintentional tort.

### 4.   Federal Courts and State Law

In the face of this precedent, defendant relies heavily on two decisions which, he argues, limit the recovery of enhanced damages, as a matter of law, to cases involving intentional torts. First, defendant points to the New Hampshire Supreme Court's statement in <u>Munson</u> that "liberal compensatory damages

10

are to be awarded only in exceptional cases, and not in every case involving an intentional tort." Munson, 118 N.H. at 479. But, as Justice Douglas later noted, Munson "merely stands for the relatively innocuous proposition that not every intentional tort is accompanied by `malice.'" Johnsen, 120 N.H. at 444 (Douglas, J., concurring). Munson simply does not purport to address the availability of enhanced damages for unintentional torts.

The defendant also relies on Buchanan v. Westinghouse Electric Corp., No. C-90-370-B (D.N.H. Aug. 17, 1993), in which this court (Barbadoro, J.) observed that "the New Hampshire Supreme Court has shown no inclination to extend a plaintiff's right to claim enhanced damages to negligence torts." Id. at 5 (citing DCPB, Inc. v. City of Lebanon, 957 F.2d 913 (1st Cir. 1992)).[1] The Westinghouse decision recognizes that the

---

[1] In DCPB, 957 F.2d at 915, the Court of Appeals for the First Circuit stated, "To date, the New Hampshire cases have limited enhanced damages to particular causes of action sounding in tort - and even then, the remedy has been reserved for intentional torts committed under exceptionally unsavory circumstances." Id. Defendant interprets the second half of this statement, particularly the court's use of the word "reserved," as a declaration by the First Circuit that New Hampshire's common law limits the availability of enhanced damages to intentional torts. Read in context, however, the observation that "the remedy has been reserved for intentional torts committed under exceptional unsavory circumstances" is simply an accurate characterization of the cases in which the New

11

circumstances in which enhanced damages are available under New Hampshire common law are very limited, and that the New Hampshire Supreme Court has taken a decidedly restrictive approach to enhanced damage awards. In fact, the New Hampshire Supreme Court has yet to consider (or affirm) an actual award of enhanced compensatory damages based on egregious conduct related to an unintentional tort.

In this case too, plaintiffs' proof must pass a strict test, both at the summary judgment stage and at trial, before a jury will even consider an award of enhanced damages. However, where, as here, plaintiffs' allegations of malicious, wanton, or oppressive conduct are not merely subjective characterizations unsupported by the facts alleged, dismissal at this early stage would be inappropriate.

One other matter deserves mention. "[L]itigants who reject a state forum in order to bring suit in federal court under diversity jurisdiction cannot expect that new trails will be blazed" through the field of state common law. <u>Ryan v. Royal</u>

_____

Hampshire Supreme Court has had occasion to affirm the actual award of enhanced damages; it was likely not meant to suggest that New Hampshire does not, as a matter of law, award enhanced compensatory damages for unintentional torts. Moreover, the statement is dicta and had absolutely no bearing on the holding of <u>DCPB</u> - that enhanced damages are not available under New Hampshire common law for breach of contract. <u>Id.</u>

12

Ins. Co., 916 F.2d 731, 744 (1st Cir. 1990). However, where the course the state court would chart is "reasonably clear," a federal court should undertake its own prediction and application of state law. Nieves v. University of Puerto Rico, 7 F.3d 270, 275 (1st Cir. 1993); Armacost v. Amica Mut. Ins. Co., 11 F.3d 267, 269 (1st Cir. 1993). Here, New Hampshire's law governing enhanced damages is reasonably clear in light of Vratsenes and Johnsen: Enhanced compensatory damages are available if the plaintiff alleges and proves that the defendant's conduct is tortious (cognizable either as an intentional or unintentional tort) and was also wanton, malicious, or oppressive. That rule of law would not be extended, nor any rights expanded, by its application in this case.

Because, under New Hampshire common law, enhanced compensatory damages are available when a defendant's conduct constitutes a tort, either intentional or unintentional, and plaintiff has both pled and proven that the tortious conduct was wanton, malicious, or oppressive, and because plaintiffs here have specifically alleged that Burdin's actions constituted negligence and were wanton, malicious, or oppressive, their claim for enhanced compensatory damages necessarily survives Burdin's motion to dismiss for failure to state a claim upon which relief

13

can be granted.  Whether plaintiffs can overcome a motion for summary judgment on the point, or can offer sufficient evidence to warrant an enhanced compensatory damages jury instruction, remain to be seen.

## III. CONCLUSION

For the reasons discussed, plaintiffs' complaint, having alleged each predicate for recovery, does state a viable claim for enhanced compensatory damages.  Accordingly, defendant's motion to dismiss plaintiffs' claim for enhanced damages (document no. 6) is denied.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

May 29, 1996

cc:  William L. Chapman, Esq.
     James K. Hillman, Esq.

14