Bernier v. Simon-Telelect, et al.    CV-96-009-M   06/11/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Gene F. Bernier
    Plaintiff

v.                                          Civil No. 96-9-M

Simon-Telelect, Inc. and
James A. Kiley Co.,
    Defendants

**O R D E R**

Plaintiff moves to amend his complaint to add two counts for enhanced compensatory damages.  In support of his motion, he explains that during the course of discovery he has found evidence that defendants' actions relevant to his claims were wanton, malicious, or oppressive.  At this stage, a party may amend his complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Amendments are to be allowed "[u]nless there appears to be an adequate reason for the denial of leave to amend (e.g., undue delay, bad faith, dilatory motive, futility of amendment, prejudice)."  Glassman v. Computervision Corp., 90 F.3d 617, 622 (1st Cir. 1996).

Both defendants object to plaintiff's motion to amend.[1] Defendant Simon-Telelect argues, in essence, that plaintiff's proposed amendment is futile as plaintiff has not pled malice and will not be able to prove that defendants acted with "actual malice." Under New Hampshire law, to recover enhanced compensatory damages, plaintiff must show that the defendant's act was oppressive, wanton, or malicious. <u>Vratsenes v. New Hampshire Auto, Inc.</u>, 112 N.H. 71, 73 (1972). Accordingly, a showing of malice is not the only basis for enhanced compensatory damages, and Simon-Telelect has not challenged the sufficiency of Bernier's allegations of oppressive or wanton conduct. <u>See</u> <u>Minion, Inc. v. Burdin</u>, 929 F. Supp. 521, 523 (D.N.H. 1996).

Defendant James A. Kiley Company argues that it will be prejudiced by allowing Bernier to amend his complaint to add claims for enhanced damages because the new claim "could very well require additional discovery." Kiley offers by way of example that defendants were unaware of the claims when plaintiff's experts were deposed and when defendant's experts were retained. Kiley has not explained, however, what additional information it would have elicited from plaintiff's expert or what different expertise it would have required of its own expert

_____

[1]Defendant Simon-Telelect, Inc. erroneously relies on New Hampshire's state law procedure pertaining to amendment of pleadings. In a diversity jurisdiction case, as here, the court applies the forum state's substantive law according to the Federal Rules of Civil Procedure. <u>Hanna v. Plumer</u>, 380 U.S. 460 (1965); <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64 (1938); <u>Commercial Union Ins. Co. v. Walbrook Ins. Co.</u>, 41 F.3d 764, 772-73 (1st Cir. 1994).

based on plaintiff's new claim for enhanced damages. To the extent Kiley finds it has a legitimate need for additional discovery based on plaintiff's new claim for enhanced compensatory damages, that limited discovery probably can be accomplished by an agreed limited reopening of discovery or, if necessary, an appropriate motion for relief from discovery deadlines. Thus, Kiley has not shown that Bernier's proposed amendment would cause undue prejudice such that defendants would be deprived of an opportunity to present facts or evidence pertaining to enhanced damages. See Ricoh Co., Ltd. v. Nashua Corp., 947 F. Supp. 21, 24 (D.N.H. 1996).

There appears to be no adequate reason to deny Bernier's motion to amend. The court notes, however, that Bernier moves to add counts for enhanced damages although he states no new causes of action. A claim for enhanced damages is a request for a particular remedy rather than a separate cause of action. Minion, 929 F. Supp at 523. Bernier's claim for enhanced damages would be more accurately stated by simply alleging wanton, oppressive, or malicious conduct within the appropriate counts describing substantive causes of action already stated in his complaint. Accordingly, the court grants plaintiff's motion to amend his complaint to add allegations supporting a request for enhanced compensatory damages to counts now in his complaint.

## Conclusion

3

For the foregoing reasons, plaintiff's motion to amend (document no. 53) is granted in part as explained in this order. Plaintiff shall file a properly amended complaint within ten days of the date of this order.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 11, 1998

cc:   Kenneth M. Brown, Esq.
      Jeffrey H. Karlin, Esq.
      William J. Thompson, Esq.
      Shaela M. Collins, Esq.