# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0281, <u>Jared Goodell v. Brandie Wells Roof</u>, the court on February 12, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The counterclaim plaintiff, Brandie Wells Roof, appeals the entry of judgment, following a jury trial in Superior Court (<u>Smith</u>, J.), in favor of the counterclaim defendant, Jared Goodell. Roof also appeals a number of the trial court's rulings in this case. She appeals orders by the Trial Court (<u>Smith</u>, J.): (1) denying her motion for attorney's fees and costs; (2) ruling that her attorney's fees could not be used as a measure of damages in her claim for fraudulent registration of trade names, <u>see</u> RSA 349:10 (2022); and (3) ruling that her suit could not include the private prosecution of a criminal violation of RSA 349:10. Roof also appeals orders by the Trial Court (<u>Ruoff</u>, J.) dismissing her claims: (1) under the Consumer Protection Act (CPA), <u>see</u> RSA 358-A:2 (2022) (amended 2024); (2) under 15 U.S.C. § 1125 for false designation; and (3) for conversion. Finally, she appeals an order of the Trial Court (<u>Leonard</u>, J.) granting Goodell's motion for summary judgment on her economic duress claim. We uphold all of the enumerated rulings by the trial court, but reverse and remand for a new trial because the trial court erred in entering judgment based on the jury verdict.

The following facts are taken from the trial court's orders. Goodell brought a defamation action against Roof, who responded with a number of counterclaims. Roof's responsive pleading alleged that she operated a psychic medium business and a retail business in Keene under the common law trade names "Keene Intuition" and "Soul Emporium," respectively. In August 2018, a local newspaper published an article that described Roof's businesses and referenced both trade names. Immediately thereafter, Goodell registered both trade names with the Secretary of State. Goodell subsequently offered to release the trade names to Roof if she paid money and signed non-disclosure and non-disparagement agreements. She declined.

Roof's counterclaims included a claim under RSA 349:10 for fraudulent registration of trade names and claims for both intentional and negligent infliction of emotional distress. By the time of trial, only those three counterclaims and claims for enhanced damages and attorney's fees had survived motions for dismissal or summary judgment. Approximately two

weeks prior to trial, Goodell voluntarily nonsuited his defamation claim with prejudice, leaving Roof's remaining claims to be tried.

After a four-day trial, the jury was sent to deliberate with a verdict form that asked four questions, designated A, B, C, and D. The first three questions asked if the jury found that Roof had proved, respectively, each of her substantive counterclaims — fraudulent registration of a trade name (Question A), intentional infliction of emotional distress (Question B), and negligent infliction of emotional distress (Question C). The jury answered "no" to all three. Question D asked whether the jury found that Goodell's conduct was wanton, malicious or oppressive and, if the answer was "yes," instructed the jury to "enter the amount of enhanced compensatory damages, if any." The jury answered "yes," and entered the amount of $75,000.

Following a hearing, the trial court ruled that it could not issue an award of enhanced compensatory damages when the jury had found no liability on Roof's substantive tort claims. The court entered judgment in favor of Goodell on the substantive claims and awarded no enhanced compensatory damages. Roof moved for reconsideration, judgment notwithstanding the verdict, and to set aside the verdict. Goodell objected, and the trial court denied the motions. Roof also requested an award of attorney's fees on the basis of RSA 507:15 and Harkeem v. Adams, 117 N.H. 687 (1977), which the trial court denied. See RSA 507:15 (2010).

On appeal, Roof first argues that the trial court erred in setting aside the jury's $75,000 verdict in her favor. She contends that the trial court's conclusion that the enhanced damages award could not stand without a finding of liability on one of Roof's underlying tort claims is unsupported by law. We disagree. In Vratsenes v. New Hampshire Auto, Inc., 112 N.H. 71 (1972), we noted:

> In a civil action founded on a tort, nothing but compensatory damages can be awarded, but the injured party is entitled to full compensation for all the injury sustained, mental as well as material. In some cases, compensation for the actual material damage sustained will be full compensation. In other cases, the material damages may be trivial, and the principal injury be to the wounded feelings from the insult, degradation, and other aggravating circumstances attending the act.

Vratsenes, 112 N.H. at 73 (emphasis added) (quotation omitted); see also Minion Inc. v. Burdin, 929 F. Supp. 521, 523 (D.N.H. 1996) (noting that "[u]nder New Hampshire law, a claim for enhanced damages is not a separate cause of action; it is a request for a particular remedy").

2

Question D on the verdict form asked:

Does the Jury find that Ms. Roof has proven by a preponderance of the evidence that [Goodell's] conduct was wanton, malicious, or oppressive?

. . . .

If your answer is YES, enter the amount of enhanced compensatory damages, if any.

By itself, Question D does not contain all the elements of any recognized tort. The trial court was therefore correct in concluding that the jury's answers to Question D do not support an entry of judgment for $75,000. Cf. McVey v. Phillips Petroleum Company, 288 F.2d 53, 59 (5th Cir. 1961) (noting that the answers to interrogatories propounded to the jury could not support a judgment because, "although those interrogatories deal with compensation for injuries proximately resulting from the 'accident made the basis of this suit,' the element of negligence is nowhere mentioned"). Accordingly, the court did not err in declining to award the enhanced compensatory damages found by the jury.

Roof alternatively argues that the trial court should have granted a new trial based on inconsistency of the verdicts. The parties agree that a new trial is warranted if there is "no rational, non-speculative way to reconcile two essential jury findings." Grant v. Westinghouse Elec. Corp., 877 F. Supp. 806, 810 (E.D.N.Y. 1995) (quotation omitted). Accordingly, we will assume, without deciding, that that standard applies. We review the denial of a motion to set aside the verdict and grant a new trial for an unsustainable exercise of discretion. See Brigham v. Hudson Motors, Inc., 118 N.H. 590, 593 (1978); State v. Lambert, 147 N.H. 295, 296 (2001).

Goodell contends that the verdicts can be rationally reconciled. He notes that the burden of proof stated in Question A was by clear and convincing evidence, while on Question D, the burden of proof was by a preponderance of the evidence. Thus, he argues, "[t]he jury could have found, by the preponderance of the evidence, that Goodell's trade name registration was wanton, malicious or oppressive, but not fraudulent." Even if we assume, however, that the jury could have so found, it still could not have answered Question D as it did consistently with the instructions it was given.

Questions A, B, and C on the jury verdict form asked if the jury found that Roof had proven, respectively, her claims for fraudulent registration of a trade name, intentional infliction of emotional distress, and negligent infliction of emotional distress. Each question instructed that if the answer was "no," the jury should proceed to the next question, but if the answer was "yes," it

asked "does the Jury find that Ms. Roof has proven her <u>actual damages</u> by a preponderance of the evidence?" (Emphasis added.) Each question again instructed that if the answer was "no," the jury should proceed to the next question, but if the answer was "yes," it asked the jury to "enter the amount of the proven damages." The jury answered "no" to the part of each question asking if Roof had proven her claim and left the answers to the damages portion of each question blank.

Question D asked if Roof had proven by a preponderance of the evidence that Goodell's conduct was wanton, malicious or oppressive and, if the answer was "yes," instructed the jury to "enter the amount of <u>enhanced compensatory damages</u>, if any." (Emphasis added.) The jury instruction on enhanced compensatory damages stated, in relevant part:

> If you find that Ms. Roof suffered <u>actual damages</u> that were caused or substantially caused by Mr. Goodell's conduct, there are certain circumstances under which the law permits you, but does not require you, to consider an award of <u>additional damages</u> to reflect aggravating circumstances. These damages are called "enhanced damages" or "liberal compensatory damages." You may award these damages only if you find that Mr. Goodell's conduct was more probably than not wanton, malicious, or oppressive.

"We assume that the jury follows properly crafted instructions . . . ." <u>Great Am. Dining v. Philadelphia Indem. Ins. Co.</u>, 164 N.H. 612, 628 (2013) (quotation omitted). Under the instructions given, the jury could not have awarded Roof "additional" enhanced compensatory damages without first finding liability and actual damages on at least one of Roof's claims. The verdicts are therefore inconsistent and the trial court unsustainably exercised its discretion in failing to order a new trial. Accordingly, we reverse and remand for a new trial.

Roof next argues that the trial court erred in denying her attorney's fees and costs. Resolution of the issues involving attorney's fees and sanctions for counsel's alleged misconduct will depend, at least in part, upon the verdict that is reached on the merits. Because we have reversed and remanded for a new trial, we decline, without prejudice, to address these issues.

Roof next challenges a number of the trial court's pretrial rulings. She argues that the trial court erred in: (1) ruling that her attorney's fees could not be considered part of her damages under RSA 349:10; (2) ruling that she could not "prosecute the crime of fraudulent registration of a trade name as part of this case"; and (3) dismissing, or granting summary judgment in Goodell's favor on, her claims for conversion, false designation under 15 U.S.C. § 1125, violation of the CPA, and economic duress.

4

As the appealing party, Roof has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court orders, the relevant law, and the record submitted on appeal, we conclude that she has not demonstrated reversible error on any of the pretrial rulings she challenges. See id.

Finally, to the extent Goodell argues that Roof does not have a statutory civil cause of action under RSA 349:10, we agree with Roof that he has waived that claim by failing to appeal the trial court's ruling to the contrary.

Reversed and remanded.

DONOVAN and COUNTWAY, JJ., concurred; NADEAU, J., retired superior court chief justice, specially assigned under RSA 490:3, II, concurred; HANTZ MARCONI, J., sat for oral argument but did not participate in the final vote.

**Timothy A. Gudas,**
**Clerk**

5